No. 6957.

WASHBURN *v.* ROBERTS.

PLEADING.—*Demurrer.*—*Waiver.*—Filing an answer before the court has made a ruling upon a demurrer previously filed, is a waiver thereof.

SAME.—A party, by amending one paragraph of a pleading, does not waive the exception reserved to a ruling upon a demurrer to another paragraph of the same pleading.

SAME.—A pleading can not perform the double function of an answer and cross complaint.

SAME.—*Cross Complaint.*—Where the cancellation of a note and mortgage and the recovery of personal property are sought, a cross complaint seeking to settle title to real estate, to which no claim is made, is not a proper pleading.

VENIRE DE NOVO.—In an action to cancel a note and mortgage and to recover personal property, the following verdict was returned: "We, the jury, find for the plaintiff, and that the defendant unlawfully detained the property mentioned in the plaintiff's complaint, and that said property is of the value of three hundred and eighty-four dollars, and we assess the plaintiff's damages at four hundred dollars for the retention thereof."

*Held*, that a motion for a *venire de novo* was correctly overruled.

DAMAGES.—To allow, as damages for the detention of property, a sum exceeding its value is not, in itself, an erroneous assessment.

From the Wabash Circuit Court.

*W. G. Sayre*, for appellant.

*B. F. Williams, J. D. Conner* and *J. D. Conner, Jr.*, for appellee.

ELLIOTT, J.—The complaint of the appellee, who was the plaintiff below, states, as constituting his cause of action, facts substantially as follows: That appellee executed a

promissory note to appellant for $1,500, and that to secure said note he also executed a chattel mortgage; that the consideration upon which the note and mortgage were executed was the promise of appellant to pay certain debts of appellee, amounting in the aggregate to about $1,082.00; that, at the time the note and mortgage were executed, the amount of appellee's indebtedness was not known, and it was agreed that the amount should be ascertained, and, if it was found to be less than the sum expressed in the note, a credit should be entered on the note for the difference; that, after the execution of the note and mortgage, the appellant agreed with appellee that if he would execute and deliver to him a deed for certain real estate, he, the appellant, would surrender the said note of $1,500.00, cancel the mortgage, and pay a certain judgment against appellee; that it was then also agreed, that, if the appellee should repay the appellant the amount by him paid upon the indebtedness, the land should be reconveyed to the appellee; and that it was further agreed, that appellee should assign to appellant a certain policy of insurance. The complaint avers that the appellee did convey the real estate as agreed upon; that he did assign the policy of insurance, and that the appellee performed "on his part all that he agreed to do." The specific statement of facts, of which we have given a synopsis, is followed, in a peculiar and disconnected manner, by the general allegation that the appellee is the owner of certain personal property, which the complaint specifically describes; that it was wrongfully taken by appellant, and unlawfully detained in the county of Wabash, and that it is the same property described in the chattel mortgage, executed by appellee, by virtue of which the appellee is in possession. Prayer for decree compelling surrender and cancellation of the note and mortgage, and for the recovery of the personal property described.

Appellant demurred to the complaint, and now assigns as error that the court erred in overruling his demurrer. We

find from an examination of the record, that the court did not rule upon the demurrer, but that the appellant answered before any ruling was made. The filing of the answer, before the court had made a ruling, was a waiver of the demurrer, and the first assignment of error, therefore, presents no question for our consideration.

Appellants answered in three paragraphs. Demurrers were sustained to the second and third paragraphs, whereupon the appellant took leave to amend, and did file an amended second paragraph of answer. It is insisted by appellee, that, having filed an amended second paragraph of answer, the appellant can not avail himself of the ruling upon the demurrer. We think the appellee is wrong. By amending the second paragraph of his answer, the appellant did not waive the exception reserved to the ruling upon the demurrer to the third paragraph. Court and counsel were advised by the exception to the ruling and the failure to amend the third paragraph, that appellant elected to let that paragraph stand upon the exception entered. Amending the second paragraph was not an amendment of the entire answer, for it is well settled that paragraphs of an answer are separate and distinct, and that each paragraph must be good in itself, without aid from others, although contained in the same general pleading.

The third paragraph of appellant's pleading purports to be a cross complaint, and asks affirmative relief. It is well settled that a pleading can not perform the double functions of an answer and complaint. It is evident from the general frame of the paragraph now under mention, that it can not be deemed an answer, and our inquiry is, therefore, to be directed to the question whether it is good as a cross complaint.

The complaint under examination admits the execution of the note and mortgage described in the complaint, alleges that the note is unpaid except as to the sum of $325.00, and

avers that the appellant is the owner of the real estate described in the complaint, and in possession thereof; that he has made lasting and valuable improvements thereon; that, by his action, appellee is clouding appellant's title. Prayer that appellant's title be quieted.

This pleading is plainly bad. The appellee's complaint does not seek a recovery of real estate, or of any interest therein, but does seek a cancellation of a note and mortgage and the recovery of personal property. In such an action a cross complaint seeking to settle title to real estate to which no claim is made, and the title to which can not be affected by any judgment which can be rightfully rendered, is not a proper pleading. If the appellee was either entitled to have the note and mortgage cancelled, or to the recovery of the personal property, it was utterly immaterial whether the appellant, or somebody else, owned the real estate. The question as to who owned the real estate was entirely foreign to the case made by the complaint. A cross complaint can not bring into an action for the recovery of personal property a question of the ownership of real estate, unless the question of such ownership is necessarily and properly connected with the issue tendered by the complaint as to the ownership of the personal property. No error was committed in sustaining the demurrer to the third paragraph of the answer.

The cause was submitted to a jury for trial, and the following verdict was returned: "We, the jury, find for the plaintiff, and that the defendant unlawfully detained the property mentioned in the plaintiff's complaint, and that said property is of the value of three hundred and eighty-four dollars, and we assess the plaintiff's damages at four hundred dollars for the detention thereof." The appellant unsuccessfully moved for venire de novo. In the opinion of the writer, the motion ought to have been sustained: 1. Because the verdict does not embrace the issue made by the pleadings upon appellee's right to have the note and the

chattel mortgage securing it surrendered and cancelled.    2. Because the express finding, that the plaintiff is entitled to recover the personal property and damages for its detention, repels the implication that the plaintiff was entitled, as claimed, to a surrender and cancellation of the note and mortgage, and that issue is, therefore, left undetermined. The majority of the court think otherwise, "on the ground that the first clause is a general finding upon all issues, and is not cut down by special matters stated in the verdict." The judgment of the court, therefore, is, that the verdict was sufficient, and the motion for a *venire de novo* rightly denied.

We can not, as we are asked to do, disturb the verdict upon the ground that it is not supported by evidence, for there is testimony giving it a fair and reasonable support.

It is argued that damages ought not to have been allowed beyond the time of the commencement of the action for the detention of the property, but we can not say from the record that any such allowance was made.    There was no objection upon that ground to any of the evidence offered.

We have carefully looked through the evidence upon the question as to the damages allowed the plaintiff for the detention of the property.    It is true, as counsel argue, that it is an unusual thing to allow as damages for the detention of property, a sum exceeding its value; but it is not in itself an erroneous assessment of damages. We can not say, under the evidence as the record presents it, that the assessment of damages is so clearly excessive as to entitle the appellant to a new trial.

Judgment affirmed, at the costs of appellant.