## FOLSOM v. WINCH.

1. **Pleading:** DEMURRER: WAIVER OF BY PLEADING OVER: FACTS NOT CONSTITUTING. Where a demurrer was interposed to a counter-claim as set up in one paragraph of the answer, the defendant did not waive his exception to the ruling by afterwards filing an amendment to another paragraph of his answer, in which amendment there was no reference to the counter-claim.

2. **Counter-claim:** TO ACTION ON JUDGMENT: NOT BARRED BECAUSE NOT PLEADED IN FORMER ACTION. Where judgment was obtained against defendant in another state, and he had at the time an independent cause of action against plaintiff, which he might then have pleaded as a counter-claim, *held* that he was not bound then to plead it, and that he might set it up as a defense to an action brought against him in this state by the same plaintiff on the foreign judgment.

3. **Statute of Limitations:** AS APPLIED TO COUNTER-CLAIMS. Although a cause of action may be barred by the statute of limitations, yet it may be pleaded as a defense in the form of a counter-claim, provided it was the property of the defendant at the time it became barred, and provided, further, it was not barred when the cause of action against which it is pleaded originated; but no judgment can be rendered thereon in favor of the defendant pleading it, except for costs. Code, § 2540.

*Appeal from Warren District Court.*

FRIDAY, APRIL 25.

ACTION on a judgment recovered in the state of Minnesota. The defendant pleaded a general denial, certain special defenses, and a counter-claim. A demurrer to the second, third and fourth counts or paragraphs of the answer was sustained, and the defendant appeals.

*Henderson & Berry*, for appellant.

*Todhunter & Hartman*, for appellee.

SEEVERS, J.—I. No complaint is made of the ruling of the district court, except in relation to the decision of the court in sustaining the demurrer to the fourth count of the answer, in which a counter-claim was pleaded. At a former term an opinion was filed affirming the judgment of the district court, and a rehearing

1 PLEADING: demurrer: waiver of by pleading over: facts not constituting.

was granted upon the petition of the appellant. We have now to determine the questions discussed by counsel in the light of the further argument on rehearing. When the demurrer was sustained, there was left of the answer the general denial only, and, on motion of the plaintiff, such defense was stricken from the files. Thereupon the defendant filed an amendment to the "first paragraph or division of the answer." It is insisted that this amounted to a pleading over, and that, therefore, the ruling on the demurrer was waived. But we do not think this is so. It is not claimed that the amendment to the answer contained any reference to the counter-claim. As to it there was no repleader, and as to it the defendant elected to stand on the demurrer.

II. The counter-claim pleaded consisted of an indebtedness alleged to be due the defendant from the plaintiff on an account. Such indebtedness accrued prior to the recovery of the judgment sued on, and it is insisted that it should have been pleaded in that action, and cannot be in this. The indebtedness from the plaintiff to the defendant, in form and substance, consists of an independent cause of action, and, while it is probably true that it could have been pleaded as a set-off in the action in Minnesota, the defendant was not bound to so plead it. Undoubtedly, he could have brought an independent action thereon in Minnesota, and, this being so, such an action could be brought in this state; or, under the statute, it may be pleaded as a counter-claim in the courts of this state.

*2. COUNTER-CLAIM: in action on judgment; not barred by failure to plead in former action.*

III. The counter-claim on its face is barred by the statute of limitations, and should the demurrer have been sustained on this ground? The statute provides that "a counter-claim may be pleaded as a defense to any cause of action, notwithstanding the same is barred by the provisions of this chapter, if such counter-claim so pleaded was the property of the party pleading it at the time it became barred, and the same was not barred at the

*3. STATUTE of limitations: as applied to counter-claims.*

time the claim sued on originated; but no judgment thereon, except for costs, can be rendered in favor of the party so pleading the same." Code, § 2540. It is evident that, under this statute, a counter-claim may be pleaded as a defense to an action, although it is barred, and the effect is precisely the same as if it was not barred, except that no judgment in any event can be rendered in favor of the party so pleading it, except for costs. A counter-claim, when pleaded, although it may be an independent cause of action, is ordinarily pleaded as a defense to an action then pending, except that affimative relief is asked. If the counter-claim was not barred, it certainly could be pleaded in this action, under the provisions of section 2659 of the Code; and it therefore follows that, under Code, § 2540, it may be so pleaded, even if it is barred. The word "defense" simply means, we think, that no recovery can be had thereon for any amount over and above the amount of the plaintiff's claim. This is the only material distinction between the Code and section 2752 of the Revision. We are of the opinion that the district court erred in sustaining the demurrer to the fourth division of the answer.

REVERSED.