Van Every v. Fitzgerald.

P. M. VAN EVERY, PLAINTIFF IN ERROR, V. JOHN FITZGERALD, DEFENDANT IN ERROR.

**Evidence:** BOOKS OF ACCOUNT are receivable in evidence only when they contain charges by one party against the other, and then only under the circumstances and verified in the manner provided by statute.

ERROR to the district court of Lancaster county. Tried below before MITCHELL, J.

*Lamb, Ricketts & Wilson,* for plaintiffs in error.

*Marquett, Deweese & Hall,* for defendant in error.

COBB, J.

On August 19, 1884, plaintiff filed a petition in court below, alleging in substance:

1st. That defendant is indebted to plaintiff for moving 20,000 cubic yards of dirt on section 25 of Kenesaw and Oxford branch of B. & M. R. R., at agreed price of 18 cents per cubic yard, amounting to $3,600.

2d. That on or about February 1, 1884, plaintiff and defendant entered into contract by which plaintiff was to do the clearing, grubbing, and grading of section 25 of said railroad work, to be commenced on or before March 1, 1884, and done by July 1, 1884.

If in judgment of engineer plaintiff was not prosecuting work with such vigor as to insure it being done as contracted, defendant could serve notice to that effect on plaintiff, and if plaintiff fail for three days to put on enough force defendant could either put on extra force and charge same to plaintiff, or could terminate contract. Plaintiff was at all times ready and willing to perform, and did so except when prevented by defendant. (See contract, exhibit A.)

The work consisted of about 55,000 cubic yards of excavation, and after plaintiff had done the hardest and most expensive part of it the defendant, on or about May 14, 1884, without serving notice, without getting judgment of engineer, took possession of plaintiff's tools, assumed control of work, ordered plaintiff off work, and refused to settle. That work left undone was less expensive and more easily done than that already done. That defendant fraudulently, and for the purpose of cheating and oppressing plaintiff, prevented plaintiff from completing work.

3d. Plaintiff prays damages in sum of $9,900.

On October 29 defendant answered, making a general denial except as to those matters expressly admitted.

1st. Admits the contract as alleged.

2d. Alleges that plaintiff at no time prosecuted work so as to complete it in time contracted, and that defendant duly served notice to plaintiff to increase force. Plaintiff failing to increase force, defendant on 14th of May took possession of work, but not till plaintiff had abandoned it, and defendant then relet a small portion of work, and gave plaintiff benefit of profits. Defendant took possession of work May 14th, 1884.

That after notice was served, and plaintiff failed to increase force, defendant put on extra force and completed work, and charged costs of same to plaintiff. · Defendant admits that plaintiff removed and filled 20,000 cubic yards, but alleges full payment as work progressed, by virtue of terms of contract. That defendant was compelled to pay out more for completion of job than plaintiff was to have for all the work, and plaintiff owes defendant $1,469.53.

On December 29, 1884, plaintiff replies:

Denying that any complaint was made about the work, or that engineer ever made any complaint or decision that plaintiff was not vigorously prosecuting work, or that any notice thereof was given plaintiff. Alleges that engineer. was under influence and control of defendant, and colluded

Van Every v. Fitzgerald.

and confederated with him, and engineer and defendant directed plaintiff to do hardest work first, with secret and fraudulent design to drive plaintiff off work when hardest work was done. That after plaintiff had done twenty fifty-fourths of work defendant began to intermeddle, and sent one James to superintend work, and James drove off plaintiff's men and teams by violent, abusial, and tyranranical conduct, and rendered it impossible for plaintiff to get teams and men to complete work. Defendant, to cheat, defraud and oppress plaintiff, prevented plaintiff from completing work. Plaintiff denies that any notice was ever served on him to increase force on work. Denies that at any time force of men and teams was insufficient to do work in time, if defendant had not interfered. Plaintiff denies that he abandoned work. Denies that defendant paid out anything to complete work. General denial, except as specially admitted, answered, or denied.

On the 3d day of June, 1885, there was a trial to a jury, with verdict for plaintiff for $5.00.

The plaintiff's motion for a new trial having been overruled, and a judgment rendered on the verdict, the plaintiff brings the cause to this court on error.

There are thirty-three errors assigned; but as we were all of the opinion at the argument that there must be a new trial for error in the admission of the time books of the defendant in evidence on the trial, none of the other assignments will be considered. Our examination will accordingly be confined to number 29 of plaintiff's assignments, which is as follows:

"29. The court erred in admitting, over the plaintiff's objection, the book account and the account book marked on the back with lead pencil, 'Holdredge,' and given as a part of the answer 1126 of the witness John Muldoon."

The book referred to as having been offered and received in evidence in the above assignment of error is the time book of the defendant, used to keep the time of the work-

men employed by him in completing the job of railroad work, which, as alleged in the answer, the plaintiff had abandoned and left undone of the job subcontracted by the plaintiff from and under the defendant, and which, as defendant claimed, he had the right to complete, and did complete, at the cost of the plaintiff; and it was for the purpose of establishing before the court and jury the amount of the cost of said work and the completing of said job, that the said time book was offered in evidence. The book was proved by the witness John Muldoon, whose examination is given at length in the abstract. It is not my purpose to examine this evidence as to whether the same is sufficiently full as a foundation for the introduction of the said book in evidence, as the difficulty lies at the very threshold, the admissibility of a book of entries of the character of those in question, and for the purpose of proving an independent fact, value, or quantity, such as that sought to be established here.

Section 346 of the civil code provides that "Books of account containing charges by one party against the other, made in the ordinary course of business, are receivable in evidence only under the following circumstances, subject to all just exceptions as to credibility: 1st. The books must show a continuous dealing with persons generally, or several items of charges at different times against the other party, in the same book. 2d. It must be shown by the party's oath, or otherwise, that they are his books of original entries. 3d. It must be shown in like manner that the charges were made at or near the time of the transactions therein entered, unless satisfactory reasons appear for not making such proof. 4th. The charges must also be verified by the party or the clerk who made the entries, to the effect that they believe them just and true, or a sufficient reason must be given why the verification is not made."

I know of no authority outside of the above section of statute for the admission of books of account or time-books

in evidence in a law-suit, and certainly the above provisions of law do not cover books such as the one introduced in evidence in the case at bar. The book in this case does not, nor does it purport to contain entries of charges against the plaintiff, or of dealings with him. It only purports to show by certain lines and cross-lines, with dates between the cross-line at the top, and names on the lines at the left hand side, with check-marks at the intersections of the lines, the number of days worked by each man or hand engaged upon the work. The primary object of these entries was obviously to enable the defendant to settle with his hired men, and perhaps for the secondary purpose of keeping an account of the cost of each job of railroad work. If it appeared on the face of this book that the object of keeping the account was to charge the days' works of these men respectively to the plaintiff, I think under the authorities that it would be admissible in evidence.

In the case of *Mathes v. Robinson*, 8 Met., 269, an account for labor performed by the plaintiff and his apprentice for the defendant, was proven by a book kept in the same general manner as the book in the case at bar, except that there the page of the book ruled off the same as in this case is headed " Mr. David Robinson, Dr: to," then follows the names of plaintiff and of his apprentice on separate lines, etc. Here the name of Van Every does not appear anywhere on the book. There the account was evidently kept for the purpose of charging the work of the plaintiff in that case, and of his apprentice, to the defendant therein; here the account was evidently kept for the purpose of crediting each individual laborer with his time of labor and on the face of the book, its proprietor, the employer of the laborers, was charged in favor of each laborer with the number of days' work, as there shown.

While I am quite clear that a book of account, to be admissible in evidence, as such must consist of charges by

one party *against* the other as we held in the case of *Martin v. Scott,* 12 Neb., 42, yet I am equally certain that a witness who has kept a time-book such as the one now under consideration, and who knows that it was correctly kept, can by the use of the said book as a memorandum testify to its contents as independent facts, although at the same time, even with the aid of such memoranda, he does not remember the occurrence of the facts. See *Lipscomb v. Lyon,* 19 Id., 511.

For error in the admission of the said book in evidence, the judgment of the district court is reversed and the cause remanded for further proceedings in accordance with law.

REVERSED AND REMANDED.

THE other judges concur.