JUDSON N. POLLARD, PLAINTIFF IN ERROR, V. JEAN-NETTE N. TURNER, EXECUTRIX OF THE ESTATE OF BYRON H. TURNER, DECEASED, DEFENDANT IN ERROR.

1. **Evidence:** BOOKS OF ACCOUNT are receivable in evidence only when they contain charges by one party against the other, and then only under the circumstances and verified in the manner provided by statute. *Van Every v. Fitzgerald*, 21 Neb., 36.

2. **Error.** It is not every error that calls for a reversal of a judgment. To have this effect the error must appear to have been prejudicial to the party seeking to take advantage of it. *Dillon v. Russell*, 5 Neb., 484.

ERROR to the district court for Fillmore county. Tried below before MORRIS, J.

*Eller & Sloan* and *John Barsby*, for plaintiff in error.

*A. A. Whitman*, for defendant in error.

REESE, J.

This was an action for the value of a windmill alleged to be the property of defendant in error, but wrongfully converted by plaintiff in error to his own use.

Plaintiff in error admitted by his answer that he had the windmill in his possession, but alleged that he was the owner thereof; that prior to the death of Byron H. Turner he had purchased the property of him and paid him for it. A trial was had to a jury who, by direction of the court, returned a verdict in favor of defendant in error. Plaintiff in error, who was defendant below, brings the cause to this court by proceedings in error.

The questions presented will be noticed in their order.

Plaintiff in error took the witness stand in his own behalf. It being incompetent for him to testify to the transaction by which it was claimed he purchased the windmill of the deceased, he sought to introduce his cash book, showing the payment of $55 in cash, and the transfer of a note on J. B. Wescott for $35. His testimony and the book were objected to, and both were excluded.

It is urged that both rulings were erroneous. As we view the case, the decision must depend entirely upon the admissibility of the cash book. If it was incompetent for any purpose, it would follow that the ruling of the court upon the testimony offered for the purpose of identifying it could not be material in the final determination of the case.

The book referred to is proven sufficiently, perhaps, to be the cash book of plaintiff in error. The page introduced in evidence is a list of the items of money paid by him for various purposes. On the upper line occurs the

words, "Paid out." It contains no items of charges to any persons, but seems rather to be a memorandum of money paid out, such as the following first three items:

Telephone rent ...........................................$  3.50
Feb. 1, clerk hire....................... ................ 40.00
Feb. 1, freight bills.......................................  7.63
    Etc.

The only authority of which we have any knowledge—aside from the common law rule, which is superseded—is section 346 of the civil code, which is as follows: "Books of account containing charges by one party against another, made in the ordinary course of business, are receivable in evidence only under the following circumstances, subject to all just exceptions as to their credibility: "*First*, The books must show a continuous dealing with persons generally, or several items of charges at different times against the other party in the same book. *Second*, It must be shown by the party's own oath or otherwise that they are his books of original entries. *Third*, It must be shown in like manner, that the charges were made at or near the time of the transaction therein entered, unless satisfactory reasons appear for not making such proof. *Fourth*, The charges must also be verified by the party or the clerk who made the entries, to the effect that they believe them just and true, or a sufficient reason must be given why the verification is not made."

It is not deemed necessary to enter into a discussion of any of the provisions of this section, as this was fully done in the opinion written by Judge COBB in *Van Every v. Fitzgerald*, 21 Neb., 36. It is sufficient to say that the book referred to was not shown to be the book of original entries of plaintiff in error, nor does it show a continuous dealing with persons generally, or several items of charges at different times against the other party. It was simply a private memorandum, evidently kept by plaintiff in error

for the purpose of enabling him the better to remember his expenditures and for what purpose they were made. The book itself being inadmissible in evidence, it could serve no good purpose to examine plaintiff in error as to when or under what circumstances the entries were made.

On the oral argument it was urged that the trial court erred in admitting in evidence a part only of a stipulation entered into by the attorneys without requiring the whole to be read to the jury. This stipulation is as follows:

"It is hereby stipulated by and between the parties to this suit that, for the purpose of this trial, the following facts are hereby admitted by both parties, to-wit: "That one J. B. Wescott, on or about the second day of February, 1884, made and delivered a certain promissory note for the sum of thirty-two dollars, with interest at ten per cent from date, due about August 2d, 1884, and delivered the same to one C. D. Lindley, and that on the same day the said C. D. Lindley sold the same to the defendant in this case.

"It is further agreed that the windmill in question is of the value of eighty-five dollars."

The clause which was admitted was the last paragraph, in which it was agreed that the value of the windmill was $85. ·Suppose that part of the stipulation excluded had been read to the jury, what benefit could plaintiff in error have derived therefrom? Most clearly, none. There was no proof that he had transferred the note to the deceased, and if there had been, the fact that the windmill was the consideration for such transfer was clearly wanting, and could not have been supplied by any testimony which was offered. This being true, no prejudice could result to plaintiff in error, even were the ruling technically erroneous.

This must also apply to another stipulation, offered and excluded, by which it was agreed that Wescott, if present, would testify that the deceased showed him the note re-

ferred to and stated that he had received it from plaintiff in error in a trade. This would still fall short of proving or tending to prove that the note was given in part payment for the windmill. This proof being entirely wanting, it could not have bettered the condition of plaintiff in error had the stipulation been admitted in evidence, and the verdict would still have had to be in favor of defendant in error.

The judgment of the district court must therefore be affirmed, which is done.

JUDGMENT AFFIRMED.

THE other judges concur.