# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

THIRD DISTRICT—NOVEMBER TERM, 1898.

### City of Marshall v. Cleveland, C., C. & St. L. Ry. Co.

1. DEMURRER—*To Pleas Can Not be Carried Back over the General Issue and Similiter.*—The court can not carry a demurrer to a plea back over the general issue and similiter thereto.

2. EXCEPTIONS—*Of Plaintiff, When Not Necessary.*—It is not necessary for the plaintiff to except in order to preserve his right to call in question, in the Appellate Court, the act of the trial court in overruling a demurrer and entering judgment for the defendant because of pleas unanswered.

3. JUSTICE OF THE PEACE—*Weight of Decision.*—A decision of a justice of the peace adverse to the validity of a city ordinance for the violation of which a suit was pending before him has no force except as to that particular suit.

4. PLEAS—*When Bad on Demurrer.*—A plea which professes 'to answer the whole declaration, but answers only a part, is bad on demurrer.

5. CITY COUNCIL—*Agreement to Release from the Penalty for Violating an Ordinance, When Void.*—While a city council can, by agreement, release a defendant from the penalty for violations already committed, an agreement allowing a party to violate a city ordinance *ad libitum* and tying the hands of a future council against prosecution, is void.

Debt, to recover penalty for violation of an ordinance. Trial in the Circuit Court of Clark County; the Hon. HENRY VAN SELLAR, Judge, presiding. Verdict and judgment for defendant. Appeal by plaintiff. Heard in this court at the November term, 1898. Reversed and remanded. Opinion filed February 7, 1899.

E. D. JONES, THOS. ORNDORFF, and F. W. DUNDAS, attorneys for plaintiff in error.

(531)

The decision of a justice of the peace as to the validity of a city ordinance, is of no force except in so far as it relates to the particular suit in which such decision was rendered.

A plea must be true and certain; it must answer the whole declaration; where the court can judicially determine from its face that it is false, it will be bad upon demurrer. 1 Chitty's Pleadings, 13th Am. Ed., 521, 523.

A plea must answer the whole declaration; all that it assumes to answer. 1 Chitty's Pleadings, 13th Am. Ed., 523.

A plea which professes to answer the whole declaration, but answers only a part, is bad. Id. 524.

ROBERT E. HAMILL, attorney for defendant in error, contended that where a plaintiff demurs to several pleas and the demurrer is overruled and plaintiff declines to reply, the judgment will not be reversed if any one of the pleas be good. Puckett v. Pope, 3 Ala. 552; Firemen's Ins. Co. v. Cochran, 27 Ala. 228; Jesse v. Cater, 28 Ala. 475.

Where several pleas are filed, if any one of them is good, a demurrer directed indiscriminately against all should be overruled. 6 Encyl. Pleading and Practice, 305. (See note 2 and cases collected.)

Where there is a general demurrer, if any one of the pleas be good, the demurrer must be overruled. Stacy, Adm., v. Baker, 1 Scam. 417.

The same rule of law applies to declarations. Where a general demurrer is filed to a declaration, consisting of several counts, if either of the counts be good, the demurrer must be overruled. Cowles v. Litchfield, 2 Scam. 357.

The pleas set up that the several judgments were rendered in contested cases shortly after the alleged ordinance went into operation and effect and that the plaintiff failed to prosecute an appeal from such judgments. He therefore was estopped, as a matter of law, by the record and the former adjudication against the validity, force and effect of the ordinance. It is wholly immaterial that this court was a justice of the peace. The point has been expressly decided in this State. T. H. & I. R. R. v. The People, for

use, 41 Ill. App. 513; Herman on Estoppel, Vol. 1, Par. 245; Markley v. People, 171 Ill. 262; Crosby v. Gipps, 16 Ill. 352; 21 Am. & Eng. Encyl. of Law, 229, 230.

A judgment on the construction of a by-law is conclusive. Cauhape v. Parke, 46 Hun (N. Y.), 306.

Where action for failure to provide a crossing had resulted for defendant, another action could not be maintained to compel it to provide a crossing. Bettys v. C., M. & St. P. Ry. Co., 43 Iowa, 602.

MR. JUSTICE HARKER delivered the opinion of the court.

This was an action of debt brought by the city of Marshall against the C., C., C. & St. L. Ry. Co. to recover the aggregate amount of the penalties for two hundred and seventy days' consecutive violation of an ordinance of the city requiring a flagman to be kept at certain street crossings within the city.

The declaration recites the passage of an ordinance by the city council, in June, 1893, requiring all railway companies with tracks passing through the city to place and keep a flagman at all such street crossings where the city council should deem it necessary to the safety of the traveling public, under penalty of ten dollars per day for each day's failure therein after sixty days' notice of a resolution of the council designating the particular street crossings where such flagman is needed.

The declaration further recited that on the 3d of February, 1896, the city council passed a resolution designating the crossing of defendant's railroad over Cumberland and Washington streets at places at which the defendant should station and maintain a flagman, and on the next day caused a copy of the resolution to be served on the defendant; that upon the 16th day of August, 1896, and for every day thereafter until the 17th day of May (in all 270 days), the defendant refused and neglected to keep a flagman at said crossing, and that owing to such refusal an action had accrued to the city for which it brought suit to recover $2,700.

Defendant first filed a plea of the general issue, upon

which issue was joined by the plaintiff. It then filed six special pleas, to which the plaintiff demurred. The court overruled the demurrer and replications were filed. Various orders relating to the pleadings were entered and the cause continued. At the next term of court, after a jury had been impaneled, by agreement of parties, all previous orders were set aside, the replications were withdrawn and the plaintiff elected to stand by its demurrer to the pleas; whereupon the court gave judgment against the plaintiff. This writ of error is prosecuted to reverse that judgment. The only question for our consideration is the sufficiency of the special pleas. It is urged in behalf of the defendant in error that the judgment of the court is right, even though it be held that all of the special pleas are bad, for the reason that the plea of the general issue is good and that the demurrer applied to it as well as the other pleas. The demurrer did not specify the particular pleas against which it was interposed, but when it was filed the similiter had been added to the general issue. It applied, therefore, to the special pleas only, and an inspection of the entire record shows that it was so considered by the court and counsel when the order was entered allowing the withdrawal of replications and the election of the plaintiff to stand by its demurrer.

It is also urged that the declaration is bad and that the demurrer to the pleas should be carried back to the declaration. The court did nothing of the kind and could not carry it over the general issue and similiter thereto. Neither was it necessary for the plaintiff to except to preserve the plaintiff's right to call in question, in this court, the action of the court in overruling its demurrer and entering judgment against it because the pleas are unanswered. Wiggins Ferry Co. v. The People ex rel., 101 Ill. 446; McChesney et al. v. City of Chicago, 151 Ill. 307.

The contention of the defendant in error that the judgment was entered by consent is not borne out by the record.

The first, second, third and fifth of the special pleas set up that some time before the earliest of the offenses charged

in the declaration was committed, a suit was brought by the plaintiff against the defendant for a like breach of the ordinance in question; that the justice of the peace who tried the case held the ordinance invalid and rendered judgment against the plaintiff for that reason, that such judgment has never been appealed from, and that by reason thereof the plaintiff is barred from prosecuting the defendant for any future violation of the ordinance.

It is plain to our minds that the decision of a justice of the peace adverse to the validity of a city ordinance for the violation of which a suit was pending before him could have no force or effect except as to that particular suit, and the pleas were, therefore, bad.

The fourth plea sets up the recovery of a judgment before a justice of the peace for the same violations declared upon in the declaration. That plea is bad because it attempts to answer the whole declaration, when it is apparent that it does not.

The limit of the jurisdiction of a justice of the peace is $200, while the declaration charges 270 distinct violations, having that many dates, the penalties for which aggregate $2,700. To render such a plea good it would have to aver that the different violations charged in the declaration are all one and the same violation, and for that a judgment had been recovered. A plea which professes to answer the whole declaration, but answers only a part, is bad on demurrer. 1 Chitty on Pleadings, 524; Buckmaster v. Beames, 4 Gil. 443; Gilbert v. Bone, 64 Ill. 518; George v. Bischoff, 68 Ill. 236.

The sixth special plea sets up the prosecution of four suits against the defendant before a justice of the peace for a violation of the ordinance, a decision in each case against the validity of the ordinance, the prosecution of an appeal, and an agreement, pending the appeal, made by the city attorney, that in consideration that the defendant would grade certain streets and refrain from contesting certain alleged excessive taxes, the defendant should be released from the payment of the penalties provided by the ordi-.

nance and from further prosecution for violations of it. The plea further sets up the performance of the agreement by the defendant. It is clear the city attorney would have no power to enter into such a compromise, as that alleged, without authority from the city council; and such authority is a necessary averment. But it does not appear in the plea.

While the city council could, by agreement, release the defendant from penalty for violations already committed, an agreement not to prosecute for future violations would not be binding upon a future council. An agreement allowing a party to violate a city ordinance *ad libitum* and tying the hands of a future council against prosecution, is void.

The six special pleas were bad and the judgment will be reversed and the cause remanded with directions to the Circuit Court to sustain the demurrer to them. Reversed and remanded.