## William Whalen v. Harry L. Muma.

1. PRACTICE— *Object of a Bill of Exceptions.*—The object of a bill of exceptions is to preserve in the record such matters as occur during the trial which are not a part of the record without it.

2. RECORD— *What it Includes in a Suit at Law.*—The record proper in a suit at law includes the declaration, pleas, demurrer, if any, judgment upon it, or other judgment interlocutory or final.

3. EXCEPTIONS— *When Unnecessary.*—It is not necessary to except to a judgment upon a demurrer to enable the party aggrieved to have the decision reviewed by the Appellate Court.

4. APPELLATE COURT PRACTICE— *Waiver of a Demurrer.*—A defendant filed two special pleas, to each of which a general demurrer was sustained, and leave given to file additional pleas; in pursuance he filed one additional plea, which was substantially a repetition of the first original plea, and to which a demurrer was again sustained. *Held,* that there had been no pleading over as to second original plea, and the question as to whether the trial court erred in sustaining the demurrer to such second original plea was properly before the Appellate Court.

Assumpsit.—Appeal from the Superior Court of Cook County; the Hon. JESSE HOLDOM, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1900. Reversed and remanded. Opinion filed April 16, 1901.

James D. Springer and Hiram I. Keck, attorneys for appellant.

Jesse A. & Henry R. Baldwin, attorneys for appellee.

Mr. Justice Freeman delivered the opinion of the court.

Appellant is sued upon a promissory note for $274, dated October 1, 1898, payable on demand to the order of appellee, bearing interest at seven per cent.

In addition to the plea of non-assumpsit in the usual form with an affidavit of merits, appellant filed two special pleas, which were demurred to generally. The Superior Court sustained the demurrers to each of said special pleas, but granted leave to file additional pleas; and in pursuance of such leave, an additional plea was filed. This was, however, substantially a repetition of the first of said original pleas, except that it averred the state of facts set up in the plea existed at the time of the delivery as well as signing of the note sued on. To this additional plea a general demurrer was also sustained. It is contended that the Superior Court erred in sustaining demurrers to said special and additional pleas.

In answer to this objection it is urged in behalf of appellee, that the action of the trial court in sustaining the demurrers to the first and second special pleas is not open to review by this court, because it is said the error, if any, was waived when appellant obtained leave and filed an additional special plea. We regard this as true, without question, so far as the first of said original pleas is concerned, which was amended and refiled as an additional plea by leave of court. But as to the second of the two original special pleas no effort was made to amend it, nor was anything filed as a substitute therefor. No attempt was made to set up the facts therein stated in any other form or manner. Nothing appears to indicate that appellant acquiesced in the decision sustaining the demurrer thereto, or that he waived the error of which he complains, or did anything that can be so construed. In the case of Dunlap v. C., M. & St. P. Ry. Co., 151 Ill. 409 (421), re-

ferred to by appellee's attorneys, it appears that the defend-
ant did acquiesce in the decision overruling his pleas, and
having obtained leave to plead over, filed three new pleas.
It was held that, so far as the pleas which had been overruled
were concerned, no question was presented for considera-
tion by the reviewing court. That decision was undoubt-
edly correct as applied to the pleadings in that particular
case. But it would, we think, be going too far to say,
where leave is obtained after demurrer sustained to file
additional pleas and under such leave one only of the former
pleas is slightly amended, that this must be invariably con-
strued as acquiescence in the ruling of the court sustaining
the demurrer as to the other plea or pleas, so as to preclude
the right to question such ruling in the reviewing court,
even though it is apparent that the party intends to stand
by the plea which he has taken no steps to amend or modify
or substitute a new plea or issue in place of, or assume a
new position in reference to. It is plain that as to such
plea there has been no pleading over in any sense. In such
case it is not necessary to preserve the ruling objected to
by bill of exceptions. " The object of a bill of exceptions is
to preserve in the record such matters as occur during the
trial which are not a part of the record, and in such cases
the erroneous ruling must be excepted to." McChesney v.
City of Chicago, 151 Ill. 307 (308). But the record proper
in a suit at law included " the declaration, pleas, demurrer,
if there is any; also any judgment upon demurrer or other
judgment interlocutory or final." Baldwin v. McClelland,
152 Ill. 42 (52). It is not therefore necessary " to except
to the judgment on a demurrer to enable the party to have
the decision reviewed in the Appellate Court," and " it would
be improper practice to embody a judgment on a demurrer
in a bill of exceptions." Hamlin v. Reynolds, 22 Ill. 207. It
is said, however, that when a party does plead over he can
still avail himself of the error in sustaining a demurrer to
his pleadings by preserving the original pleadings and
rulings by bill of exceptions. Powell on Appellate Pro-
ceedings, Chap. IV, Sec. 99, 130. In the present case we

hold that there was no pleading over as to the second original plea, and that the question as to whether the trial court erred in sustaining the demurrer thereto is properly before us.   In this connection see Washburn v. Roberts, 72 Ind. 213 (215).

The second special plea now in question is too long to be herein set out in full.   It does not need to be said that the demurrer admits the truth of such averments therein as are properly pleaded.   These averments are in substance that the sole consideration for the note sued on was, and is, moneys belonging to, and the property of the Whalen Company, delivered by appellee to him as its treasurer, and that that company is, and at all times has been, the real and beneficial owner of said note, and that appellee holds, and at all times has held it as such treasurer; and that at the time of the delivery of said moneys to appellant, and at the time of the execution and delivery of said note, said company was, ever since has been, and still is indebted to appellant to an amount largely in excess of the principal and interest of said note, etc.   It is the appellant's contention that the money, for which the note sued on was given, was money held by appellee as treasurer of the Whalen Consolidated Mining Company, an Illinois corporation, which money appellee had been directed to pay over to appellant for expenditure in developing the mines of said company, and that it was so expended by appellant together with other money of his own.   It is claimed that appellee procured appellant's signature to the note by misrepresenting the money as his own, and as advanced by him personally to appellant as a favor; whereas in fact it was money of the company, which was at the time indebted to appellant in a sum largely in excess of the amount of the note.   If it be true that the note is held by and for the company, although in appellee's name, and that the company owes appellant more than is due thereon, we are at a loss to perceive why the facts averred in the plea do not constitute a valid defense to the present suit.   No reason to the contrary is pointed out in appellee's brief.

We agree with appellee's counsel that there are technical defects in the additional plea which make it obnoxious to demurrer. But as the case must be sent back for a new trial, there will be opportunity to amend, if counsel so desire.

For the error in sustaining the demurrer to the second original plea, the judgment of the Superior Court must be reversed and the cause remanded.