## George W. Merker v. The Belleville Distillery Company, et al.

1. EXCEPTION—*when not necessary to preserve question for review.*
It is not necessary for a party to except in order to preserve his right to
call in question in the Appellate Court the act of the trial court in sus-
taining or overruling a demurrer and entering judgment.

2. DECLARATION—*effect of filing additional counts to.* The effect of
filing additional counts to a declaration is not to abandon the original
declaration.

3. JUDGMENT—*when should not be rendered upon sustaining demur-
rer to declaration.* It is error to render judgment in bar of an action
upon sustaining a demurrer to a declaration where there remain on file
and at issue other counts of the declaration.

Action on the case. Error to the Circuit Court of St. Clair County;
the Hon. BENJAMIN R. BURROUGHS, Judge, presiding. Heard in this
court at the August term, 1904. Reversed and remanded. Opinion
filed March 17, 1905. Rehearing denied August 24, 1905.

GUSTAVUS A. KOERNER and VICTOR K. KOERNER, for plaint-
iff in error.

L. D. TURNER, for defendants in error.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was an action in case, by plaintiff in error against
defendants in error, in the Circuit Court of St. Clair County.

The record discloses that on December 29, 1899, plaintiff
in error filed in the St. Clair Circuit Court, his declaration
consisting of two counts, against defendants in error. The
*gravamen* in these counts is libel. To these counts, defend-
ants in error, on January 11, 1900, filed two pleas: not
guilty and Statute of Limitations; and on January 19th filed
a plea of privileged communication; on the 23rd plaintiff re-
plied double, to the plea of Statute of Limitations: that
defendant Hartman was out of the State when the cause of
action accrued, and that after the cause of action accrued
he departed from the State; and demurred to the plea of
privileged communication. On the same day defendant
Hartman demurred to plaintiff's replication to the plea of

limitations, and on the 24th, defendant Belleville Distillery Company, entered a motion for judgment on the plea of limitations, because plaintiff had not replied to this plea as to it. During the remainder of that term on January 23, 1900, and at the succeeding April term on April 10, 1900, plaintiff filed a number of additional counts, all of which were demurred to. All these demurrers, and motions above mentioned remained undisposed of, and the case lay upon the docket unmoved, until October 3, 1903, when by leave of court plaintiff filed an additional count, denominated in the record, the seventh. The *gravamen*, in this character of count, is the malicious ruin and destruction of plaintiff's business or occupation by acts done in pursuance of a conspiracy for that purpose. This count is set out in full in the abstract. To it defendants filed a demurrer, both general and special.

Counsel for plaintiff in error states, that the additional counts filed January 23 and April 10, 1900, are not set out here, "because they are practically included in the seventh . count hereinafter set out, and because in the court below the argument was practically confined to the demurrer to this seventh count." From this we infer that it was the purpose of both counsel and court, to test and determine the sufficiency of all the additional counts upon the demurrer to the seventh. That the hearing upon this demurrer included all the counts not pleaded to—all except the original, the libel counts.

The demurrer was argued, October 20, 1903, and the record discloses with respect thereto, as follows: "And now, on this 20th day of October, A. D. 1903, come again the parties by their respective attorneys, and demurrer of defendants to plaintiff's seventh additional count is presented and argued. And now on the 26th day of October, 1903, is by the court sustained, and thereupon the court renders judgment against the plaintiff in bar of the action and for costs. It is therefore considered and adjudged by the court, that the plaintiff be barred of his action and that the defendants have and recover of and from the

plaintiff their costs in this behalf expended and have exe-
cution therefor."

Counsel for plaintiffs in error insists, first, that the trial
court erred in sustaining the demurrer; second, that the
trial court erred in rendering judgment against plaintiff in
bar of the action and for costs, on sustaining demurrer,
when there were other counts not demurred to or included
in any demurrer then pending and to which a plea had
been interposed and issue thereon joined.

Counsel for defendants in error suggest that upon the
sustaining of the demurrer and the rendering of the judg-
ment complained of, no exception was taken. It is not
necessary for a party to except in order to preserve his
right to call in question in the Appellate Court the act of
the trial court in sustaining or overruling a demurrer and
entering judgment. City of Marshall v. C., C., C. & St. L.
Ry. Co., 80 Ill. App. 531; Whalen v. Muma, 94 Ill. App.
488; Hamlin v. Reynolds, 22 Ill. 207.

Counsel for defendants in error also suggests and insists
that the state of the record is such that the trial court was,
and this court, is, warranted in assuming that plaintiff had
abandoned his original counts, to which defendants had
pleaded and issue was joined. His position is, that by sub-
sequently filing other counts, plaintiff must be held to have
thereby abandoned his former counts. This rule applies
only to the filing of amendments, proper, as contradistin-
guished from the filing of additional counts. In the Illi-
nois case relied upon, and from which counsel quotes at
great length, viz., Kurtz v. Graybill, 192 Ill. 445, the ques-
tion of abandonment of certain counts, turned wholly upon
a stipulation filed in the case and not upon any state of the
pleading, independent of the stipulation. It is not the rule
in this State, that a party abandons his original declaration
or former plea, merely by filing an additional count or fur-
ther plea.

The count demurred to is entirely too long to be set out
in full in an opinion, and it has not been abstracted. We
must therefore content-ourselves with some discussion of

it without any attempt to disclose it. As stated above, "the *gravamen* in this character of counts, is the malicious ruin and destruction of plaintiff's business or occupation by acts done in pursuance of a conspiracy for that purpose." In Breitenberger v. Schmidt, 38 Ill. App. 168 (179), Judge Pleasants writing for the Court put it in the following form : " The gist of the action is not the conspiracy, but the damage done to the plaintiff by the acts of the defendants." The charge of mere conspiracy, is, in a civil suit, at most but inducement, and may be treated as surplusage. In Doremus v. Hennessy, 62 Ill. App. 392 (402), it is said : " A civil action will not lie for a mere conspiracy. * * * It is now well established that in civil actions, the conspiracy is not the *gravamen* of the charge, but may be pleaded and proven in aggravation of the wrong." In Bonney v. King, 201 Ill. 47 (50), our Supreme Court say : " The conspiracy alleged to have been entered into is not the gist of the action. The right of recovery must be based upon some unlawful act, done in pursuance of the conspiracy."

The vice in the count of the declaration demurred to and now before us, is that it does not sufficiently set out the wrongful acts relied upon as a basis for recovery. Such averments as to facts as it does contain are too broad and general, not sufficiently specific. We are of opinion the demurrer was properly sustained.

When the demurrer was sustained, there remained two counts, which the court had on a former demurrer held good, to which defendants had pleaded "not guilty," and upon which plea, issue had been joined. Upon this state of record it was error to render judgment against plaintiff in bar of his action. For this error the judgment of the Circuit Court must be reversed and the cause remanded.

*Reversed and remanded.*