WORRALL GRAIN COMPANY, APPELLEE, V. FRANK JOHNSON, APPELLANT.

FILED FEBRUARY 6, 1909. No. 15,449.

1. Pleading: DEMURRER: WAIVER. Where a party answers over after an adverse ruling on his motion or demurrer, and goes to trial on the merits of an issue he has elected to join, he waives the error, if any, in such ruling.

2. Evidence examined, its substance stated in the opinion, and *held* sufficient to sustain the judgment.

3. Appeal: REFUSAL OF TRIAL BY JURY: HARMLESS ERROR. It is error to refuse a request for a jury trial in an action at law, but where the one making the request has no substantial cause of action or defense, and the judgment of the trial court is the only one which could have been rendered in the case, such refusal is error without prejudice, for which the judgment will not be reversed.

APPEAL from the district court for Lancaster county: LINCOLN FROST, JUDGE. *Affirmed.*

*O. B. Polk,* for appellant.

*Field, Ricketts & Ricketts, contra.*

BARNES, J.

Plaintiff, now the appellee, brought this action in the district court to recover of the defendants the difference between the sum advanced to them on a car-load of wheat and what was realized therefor when it was sold on the market. It appears that the grain was sold to plaintiff by defendants Johnson and Cave, through their agent, defendant Hempel, as No. 2 hard wheat, and defendants, when the grain was loaded at the point of shipment, drew a sight draft on the plaintiff (which was duly paid) for a sum equal to 90 per cent. of the purchase and market price for that grade of wheat. When the grain reached Minneapolis, which was its place of destination, it was found to be wet and badly heated, so that it was not up to any grade whatever, and could not be sold on that mar-

ket.  It was immediately billed to Chicago, where it was
sold at the highest price obtainable, and brought net
$322.60 less than the sum advanced thereon.  It also ap-
pears that the plaintiff was not certain as to whether
Hempel was the principal in the transaction or whether
he was merely the agent of the defendants Johnson and
Cave, who, it developed later, were in fact his undisclosed
principals.

The plaintiff therefore by its petition set forth all of
the foregoing facts, and alleged that the wheat delivered
to it by the defendant Johnson was wet and damaged and
not up to grade when delivered and loaded into the car by
him, and that he well knew its quality and condition.  The
petition further set forth the amount of wheat delivered
by Johnson, the amount delivered by Cave, and prayed
for an accounting and adjustment of the rights of the
several defendants, a judgment for the sum of $322.60,
with interest thereon from the 28th day of August, 1905,
and "for such other and further relief as may be just and
equitable."

The defendants answered separately.  The answer of
defendant Johnson, who is the sole appellant, was: First,
misjoinder of parties defendant; second, misjoinder of
causes of action; third, no equity in the plaintiff's bill;
fourth, an admission that plaintiff is a corporation, and a
denial of all of the other allegations of the petition.  De-
fendant Johnson also filed a motion praying that the case
be transferred from the equity docket to the law docket
of the district court, which motion was overruled; and
when the case came on for hearing he demanded a trial by
jury, for the reason that the action was one at law, and
not in equity.  His request was denied, to which he
duly excepted.  A trial resulted in a finding and judg-
ment for the plaintiff, and against the defendant Johnson,
for the sum of $257.50, and he has brought the case here
by appeal.

Defendant now assigns as error certain rulings of the
district court, to wit, overruling his motion to require the

plaintiff to elect whether it would proceed against him or the defendant Hempel, and overruling his demurrer to the plaintiff's petition. In disposing of these questions, it is sufficient to say that by answering over after the rulings complained of he waived his exceptions thereto, and they cannot now be considered. In *Becker v. Simmonds,* 33 Neb. 680, it was held that, where a party answers over and goes to trial on the merits of an issue which he has elected to join, he waives the error on the overruling of motion or demurrer. To the same effect are *Buck & Greenwood v. Reed,* 27 Neb. 67; *Pottinger v. Garrison,* 3 Neb. 221; *Lederer v. Union Savings Bank,* 52 Neb. 133, and *Dorrington v. Minnick,* 15 Neb. 397.

Defendant also contends that the evidence is insufficient to sustain the findings and judgment of the district court. His principal reason for this contention is his assumption that this action was based on a breach of warranty that the wheat in question should grade No. 2 on the Omaha market, and proof that it did not so grade at Minneapolis is not sufficient to establish a breach of that warranty. It appears, however, from both the pleadings and the evidence, that the plaintiff agreed to purchase, and the defendant agreed to sell, a car-load of No. 2 hard wheat, to be shipped to the Minneapolis market at the agreed price of $74\frac{1}{2}$ cents a bushel; that the wheat delivered in the car by the defendant Johnson was wet and damaged; that it was not of the grade and quality agreed upon, and was in fact in such a condition that when it reached its destination it was not up to the standard of any grade at all, and that plaintiff had no opportunity to examine or inspect the wheat until it was received in Minneapolis. Under these circumstances, plaintiff was entitled to recover of defendant the difference between the price paid and the highest price the wheat would bring in the market where it could be sold. An examination of the plaintiff's evidence, which is in no way questioned or disputed, satisfies us of its sufficiency to sustain the judgment.

Finally, it is contended that this is not an equitable action, and the court erred in overruling defendant's motion to transfer it to the law docket, and in refusing a jury trial. We are of opinion that these contentions are well founded. The action was one for the recovery of money only, and, while the petition prayed for equitable relief, the facts alleged and proved do not require or authorize such relief. It therefore remains for us to ascertain whether the errors thus committed were at all prejudicial to the rights of the appellant. The record discloses that no evidence was introduced by him at the trial, and in fact he made no attempt to defend against the case made by the plaintiff. We are therefore of opinion that at the close of the evidence, had a jury been impaneled, the judge of the district court would have been required to direct a verdict for the plaintiff. We have examined the evidence and find that the amount of recovery is not excessive. In fact no other or different judgment could have been rendered in this case. It follows that the refusal to grant the appellant a jury trial resulted in no prejudice to any of his substantial rights, and therefore does not call for a reversal of the judgment complained of. *Chamberlain v. Brown*, 25 Neb. 434; *Degering v. Flick*, 14 Neb. 448; *Pollard v. Turner*, 22 Neb. 366; *Gage County v. King Bridge Co.*, 58 Neb. 827.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.

FAWCETT, J., not sitting.