PAPILLION TIMES PRINTING COMPANY, APPELLEE, V. SARPY COUNTY, APPELLANT.

FILED MARCH 10, 1910.  No. 15,832.

1. Pleading: DEMURRER: WAIVER OF ERROR.  Where a demurrer is sustained to a paragraph of an answer, and the defendant obtains leave, and thereafter files an amended or substituted answer in which another and different defense is set forth in the place of the one to which the demurrer was sustained, and afterwards defendant files a second amended answer in which no reference is made to either of said defenses, and thereupon goes to trial on the issue tendered by his second amended answer, and on such trial offers no testimony tending to establish the defense set forth in the paragraph of his original answer to which the demurrer was sustained, he waives the error, if any, in the ruling on the demurrer to his said original answer.

2. Rehearing Denied.  Motion for rehearing overruled.

OPINION on motion for rehearing of case reported in 85 Neb. 397.  *Rehearing denied.*

BARNES, J.

Our former opinion in this case will be found in 85 Neb. 397, where the facts are correctly stated. The appellant has filed a motion for a rehearing and argument has been had thereon. It is conceded that the general rule as to the effect of filing an amended pleading announced in our opinion is correct, but appellant strenuously contends that this case comes within what may be considered an exception to that rule.

In support of this contention, our attention is first directed to the case of *Hagely v. Hagely,* 68 Cal. 348. That was an action in ejectment, and the defendant pleaded two separate and distinct defenses, one of which was a special plea of the statute of limitations in a single paragraph of the answer. A demurrer was interposed as to that defense, which was sustained. Defendant thereupon filed an amended answer, in which she again interposed a plea or pleas of the statute of limitations. It was contended by her counsel that the defense to which the demurrer was sustained was again set out in the amended answer. We think this contention was well founded. It was said by the court, however: "Where separate defenses are set up in answer, and a demurrer is sustained to one or more of such defenses, and the defendant subsequently files an amended answer, it will amount to a waiver of error as to such defenses as are pleaded anew in such amended answer, but not as to defenses to which the demurrer was sustained, and which are not again pleaded in the amended pleading. In other words, it is not the new pleading which operates as a waiver, but the pleading anew of the same defense." This statement as contained in the opinion is unsupported by reasoning or authority, and it appears from an examination of the whole case that the plea of the statute of limitations as contained in the several sections of the California code of civil procedure was the point upon which the decision turned. That this case is not con-

sidered by the supreme court of California as contrary to the general rule, see *Ganccart v. Henry,* 98 Cal. 281.
.- Our attention is next directed to the case of *Whalen v. Muma,* 94 Ill. App. 488. That was an action upon a promissory note. In addition to the plea of *non assumpsit* in the usual form with an affidavit of merits, appellant filed two special pleas which were demurred to generally. The superior court sustained the demurrers to each of the special pleas, and granted leave to file additional pleas. In pursuance of such leave, an additional plea was filed. It will thus be seen at the outset that the defendant did not file an amended answer, but under the common law practice, which obtains in that state, he simply filed an additional plea as a part of his original answer. Reviewing this situation, the appellate court held that nothing appeared to indicate that appellant acquiesced in the decision sustaining the demurrer to his special pleas, or that he waived the error of which he complained, or did anything that could be so construed. The supreme court of Illinois, however, is committed to the rule announced by our former opinion, for in the case of *Dunlap v. Chicago, M. & St. P. R. Co.,* 151 Ill. 409, 421, it was held that the defendant acquiesced in the decision overruling his pleas by having obtained leave to plead over, and by having filed three new pleas, and that this amounted to a waiver of error, if any, in the decision overruling his former plea.

Appellant also cites *McIlroy v. Buckner,* 35 Ark. 555, and it appears that it was there held: "The filing of an amended and substituted answer after demurrer sustained to a former one will not be considered as a waiver of the defendant's objections to overruling the former, unless such intention appear or be inferred from the record. If the new defense be distinct from the former, and there is nothing to indicate his intention to abandon it, he may still rely upon it in the supreme court." That decision, however, turned wholly upon the point as to whether or not the defendant had abandoned, and thereby

waived, the defense pleaded in his former answer. That the general rule prevails in that state, see *Walker v. Wills,* 5 Pike (Ark.) 166.

Our attention is next directed to *Washburn v. Roberts,* 72 Ind. 213. That that case is not in point is apparent, for it is there said: "A party, by amending one paragraph of a pleading, does not waive the exception reserved to a ruling upon a demurrer to another paragraph of the same pleading."

Appellant also cites *Folsom v. Winch,* 19 N. W. 305 (63 Ia. 477). It was there said: "Where an answer containing a general denial, special defenses, and a counter-claim is demurred to, and the demurrer sustained, and the answer struck out, an amendment to the first paragraph of the answer, without reference to the counter-claim, does not amount to a pleading over, and the demurrer is not waived." It will thus be seen that the defendant in that case did not file an amended answer, but merely filed an amendment to the first paragraph of the answer, and therefore that decision is not in conflict with our opinion in this case.

The record fails to disclose any intention on the part of the appellant in this case to rely upon the defense set forth in the fifth paragraph of the original answer. By obtaining leave to file, and by filing, an amended answer, in which no reference is made to the fifth paragraph of the original answer, or the defense attempted to be pleaded thereby, by filing a second amended answer without any reference thereto, by going to trial upon the issue which appellant thus elected to. make, and by failing to offer any testimony in support of that defense, the appellant must be held to have waived the error, if any, in sustaining the demurrer thereto. We are of opinion that his conduct amounted to a complete abandonment of the fifth defense set up in his original answer.

In *Brown v. Brown,* 71 Neb. 200, it was held that an erroneous ruling overruling a demurrer is error without prejudice, where the pleading assailed is afterwards

amended, and the cause submitted and determined on the amended pleading. In *Worrall Grain Co. v. Johnson,* 83 Neb. 349, we said: "Where a party answers over after an adverse ruling on his motion or demurrer, and goes to trial on the merits of an issue he has elected to join, he waives the error, if any, in such ruling." That there may be exceptions to this rule, and that a pleader can easily bring himself within such exceptions by indicating his intention to do so in any suitable manner, is not to be denied. But we are of opinion that the case at bar presents no exception to the general rule.

Finally, it is contended that the question on which this case was decided was not presented or argued in the brief of either appellee or appellant, and that for this reason a rehearing should be granted. We think that the appellant is mistaken upon this point. We find in appellee's original brief the following: "After this demurrer was sustained, the county attorney abandoned this answer and filed another answer which is a practical admission of the cause of action as set forth by the appellee in its petition. It is from the judgment rendered on this answer that this appeal is taken. The former answers having been abandoned, we understand the rule to be. that, having declined to rely upon any of these answers and by answering over, the exceptions are waived."

For the foregoing reasons, the motion for a rehearing is

OVERRULED.

ROOT, J., dissenting.

I am unable to concur in the majority opinion overruling defendant's application for a rehearing. I do not say plaintiff's demurrers to defendant's answers should not have been sustained, and shall not discuss that proposition, but I do insist the rule of practice announced is not in harmony with the spirit of our code, and is not sustained by authority. A demurrer to a separate affirm-

ative defense in an answer admits, for the purposes of the case, the truth of all facts well pleaded therein, and the court in passing upon that pleading will consider the separate defense as though it were the only answer in the case. *Fisk v. Reser*, 19 Colo. 88. If the demurrer is sustained, the defendant in effect is informed that the time of the court will not be taken up in hearing evidence upon the issues joined by the petition and that part of the answer. The defendant may then plead over or stand upon his answer. If no other defense is stated and the defendant refuses to further plead, the plaintiff is entitled to a judgment on his petition. If other defenses are pleaded, the trial will proceed upon the issues thereby joined, and, if the plaintiff prevails, defendant may have a review in the appellate court of the ruling on the demurrer as well as upon his other defenses. The defendant may waive the error in sustaining a demurrer to his answer. He may do so by amending his answer so as to state all of the facts contained in the original defense and such other allegations as will cure the objections raised by the demurrer. He may do so by pleading another defense repugnant to, and inconsistent with, the one to which a demurrer was sustained. But, if he merely amends his answer by setting up other defenses not inconsistent with the one to which a demurrer has been sustained, he should be permitted, if defeated in the lower court, to present to the appellate court the ruling of the trial court whereby he has been prevented from proving facts which he contends will defeat plaintiff's claim. In other words, if the ruling of the trial court compelled defendant to so frame his answer that he could not prove the facts pleaded in the defense to which the demurrer was sustained, and those facts constitute a defense to the action, the judgment of the district court should be reversed, notwithstanding an amended answer has been filed stating another and distinct defense not repugnant to the one contained in the answer held bad on demurrer. *Knox County Bank v. Lloyd's Adm'rs*, 18

Ohio St. 353. *McIlroy v. Buckner,* 35 Ark. 555, is also directly in point. The distinction made between the instant case and *Washburn v. Roberts,* 72 Ind. 213, and *Folsom v. Winch,* 63 Ia. 477, is technical, and not convincing.

In considering the principle contended for by the plaintiff in the case at bar, Mr. Justice Beck in *Ingham v. Dudley, Adm'r,* 60 Ia. 16, 24, said: "Counsel in support of their position rely upon the general rule that a party whose pleading is held bad upon demurrer waives the error of such a ruling by pleading over. * * * A little reflection will make it plain that the rule is not applicable to the case under consideration. It reaches a case where a party, by pleading over, supplies omissions or cures defects in his pleading pointed out by the demurrer. * * * A defendant may plead as many defenses as he may have. * * * He may add to his answer by way of an amendment new defenses at such times and in such manner as may be permitted by the court. If a defense pleaded be held insufficient upon demurrer, the defendant may, with leave of the court, set up another, and by doing so he will not be regarded as waiving the error in the ruling sustaining the demurrer." It seems to me that the logic of the Arkansas, Ohio and Iowa courts is unanswerable and controls the case at bar.

The cases cited in the majority opinion are not in point. In *Ganccart v. Henry,* 98 Cal. 281, a demurrer to a complaint had been sustained. Subsequently an amended and amplified complaint was filed stating with greater particularity the cause of action set forth in the original complaint. The appellate court properly held the error in sustaining defendant's demurrer, if any had been committed, was waived by plaintiff filing the amended complaint. In *Dunlap v. Chicago, M. & St. P. R. Co.,* 151 Ill. 409, plaintiff demurred to pleas numbered one and two filed by defendant to the petition, and the

18

demurrer was sustained. No exception was taken to the ruling, but defendant pleaded over, and it was held he thereby waived any error committed by the circuit court in sustaining the demurrer. The judgment of the appellate court reversing the circuit court is not based upon the point herein discussed, nor does it appear that in pleading over all essential facts contained in the first and second pleas were not set out in the third, fourth and fifth pleas subsequently filed. In *Brown v. Brown,* 71 Neb. 200, and in *Worrall Grain Co. v. Johnson,* 83 Neb. 349, a demurrer to the petition had been overruled, and it was held in each case that by subsequently answering the defendant waived any error in the ruling upon his demurrer.

It is logical and reasonable to hold that a defendant waives error by pleading over to a petition, because the demurrant is not deprived of any defense he may have to the action. If the defendant amends a defense to which a demurrer has been sustained, he still preserves his defense, and, if after such a demurrer has been sustained he files an answer repugnant to the original one, he may well be held to have abandoned the first defense. But to solemnly adjudge the filing of a separate and consistent defense in an amended answer, without reference to that other defense which the court has held bad on demurrer, is a waiver of the first defense is, it seems to me, a long step backward and a sacrifice of substance to form.

The former judgment of the court should be vacated, and the case determined on its merits.

SEDGWICK and LETTON, JJ., concur in this dissent.