Nov. Term,
1861.

ST. JOHN *v.* HARDWICK.

ST. JOHN
v.
HARDWICK.

Where a party amends his pleading after a demurrer has been sustained to it, he can not complain of the action of the Court on the demurrer.

Under § 364, 2 R. S., p. 120, the plaintiff may dismiss his suit in vacation, by filing a written dismissal with the clerk, as effectually as if dismissed in open Court.

Saturday,
November 30.

APPEAL from the *Hendricks* Common Pleas.

DAVISON, J.—*Hardwick,* who was the plaintiff, sued *St. John,* upon a promissory note for the payment of $120. The note is dated *April* 25, 1856; was payable to one *Johnson A. Hayten,* who sold and delivered it to the plaintiff, without indorsement.

Defendant answered in abatement of the action, setting up, substantially, that *Hardwick* commenced a suit on the note sued on in this case in the *Hendricks* Circuit Court, in the year 1857, and at the *March* term thereof in that year recovered a judgment on said note against *St. John,* for $104; that *St. John* appealed to the Supreme Court, and at the *November* term thereof, 1858, the judgment of said Circuit Court was reversed, and the opinion certified to that Court on *January* 26, 1859; that on the 29th day thereafter, *Hardwick* withdrew said note from the files of the Circuit Court, and commenced this action thereon, in the *Hendricks* Common Pleas, on *January* 31, 1859, and before the opinion of the Supreme Court had been spread on the record. To this answer there was a demurrer sustained; and thereupon the defendant, by leave, &c., filed his amended answer, as follows: "That the plaintiff ought not to have and maintain his action, &c., because he says, that at a term of the *Hendricks* Circuit Court, within and for the county of *Hendricks,* being the *March* term of said Court, 1857, the plaintiff impleaded the defendant in a civil action, and for the same cause of action in the complaint mentioned, as from the record of that Court appears; and that *Stephen Hardwick,* the then plaintiff, is the now plaintiff, and *James St. John,* the then defendant, is the now defendant; and that the suit aforesaid was pending in the said Circuit Court, at the

time of the commencement of this action in the Common
Pleas. And at the *February* term, 1859, of said Circuit
Court, the defendant, *James St. John*, recovered a judgment
against said plaintiff for costs, &c., wherefore," &c.

Plaintiff demurred to this amended answer; but the de-
murrer was overruled, and he replied: 1. By a general
traverse. 2. That the suit by him against *St. John*, com-
menced in the *Hendricks* Circuit Court, was by said plain-
tiff duly dismissed, on *January* 29, 1859, and the dismissal
thereof entered on the order book of said Court; a copy of
which was filed with the reply, and made part of it, in these
words:

*Stephen Hardwick*  ⎫ No. 8.—Action on note; now pending
　　　v.　　　　　 ⎬
*James St. John.*　 ⎭ in the *Hendricks* Circuit Court.

The above named plaintiff hereby dismisses the above en-
titled suit, now pending in said Court, at his own costs, and
directs the clerk of that Court to enter this order of dismis-
sal upon the order book of the said court, according to the
statute in such case made and provided.

"January 29, 1859.

　　　　　(Signed,)　"Stephen Hardwick, *Plaintiff*."

"State of *Indiana*, *Hendricks* County, ss.

"I, *John Irons*, clerk of the Circuit Court of said county,
certify that the above dismissal was filed in my office on
*January* 29, 1859."　　　　　　　　"John Irons."

And the plaintiff avers, that there was no suit pending
in said *Hendricks* Circuit Court at the date of the com-
mencement of this present suit, as alleged, &c., wherefore,
&c. 3. "That there was not any suit pending in said *Hen-
dricks* Circuit Court, of him, said plaintiff, against said defend-
ant, at the time he, defendant, filed his answer herein," &c.

Demurrers to the second and third replies were overruled,
and the defendant excepted. The issues were submitted
to the Court, who found for the plaintiff; and, over a motion
for a new trial, there was judgment. The errors are thus as-
signed upon the record: 1. The Court erred in sustaining the
demurrer to the answer. 2. There was error in overruling

the demurrer to the first and second replies.    3. The motion for a new trial should have been sustained.

There is nothing in the first assignment; because the defendant, having amended his answer after a demurrer had been sustained to it, has no right to complain of the action of the Court upon the demurrer. *Polleys* v. *Swope*, 4 Ind. 217; *Jay et al.* v. *The Indianapolis, &c. Railroad Co.*, at the present term.    It may be noted, that § 382 of the Practice Act relates, alone, to demurrers overruled.    2 R. S., p. 123.

The second alleged error presents this inquiry: Did the entry of the order of dismissal in the order book of the Circuit Court, operate as a dismissal of the suit?  We have a statutory rule of practice, which says: "The plaintiff may dismiss his action in vacation, by filing with the clerk a writing to that effect.  The clerk shall enter such written dismissal in the order book, and the Court shall enter judgment, accordingly, at the next term.  The plaintiff shall not be liable to the defendant for any costs made by him, after notice of the dismissal."  2 R. S., § 364, p. 120.

This section, as we understand it, affirmatively authorizes the plaintiff to "dismiss his suit in vacation;" and his "written dismissal" having been filed in the clerk's office, the suit stands dismissed, as effectually as if it had been dismissed in open court.  In this instance, the writing filed by the plaintiff, seems to be in proper form, and the demurrer admits that it was duly entered upon the order book of the Circuit Court, before the present suit was instituted.  The result is, the second reply is well pleaded.

But it remains to be considered, whether the third reply is, or not, demurrable.  As we have seen, it alleges "that there was no suit pending at the time of the defendant's answer."  This reply is plainly defective; so much so, that, in our opinion, the defendant, instead of demurring, should have moved to reject it.  At all events, in looking into the record, it manifestly appears that "the merits of the cause have been fairly tried and determined in the Court below;" and, though the Common Pleas may have erred in its ruling

upon the demurrer to the third reply, we are not inclined, on that ground, to disturb the judgment.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*J. S. Miller*, for the appellant.

*C. C. Nave* and *J. Witherow*, for the appellee.