OAK CREEK VALLEY BANK, APPELLANT, V. LOUIS HELMER ET AL., APPELLEES.

FILED NOVEMBER 9, 1899. No. 9,021.

1. **Merger of Estates.** Generally, if two unequal estates are vested in the same party at the one time, and there is no intervening estate, the inferior is merged in the superior.

2. ———: INTENTION. The merger is not an absolute effect of the vesting of the unequal titles in the one person at the same time. Whether such will be the effect may depend upon the intention of the party in whom the titles appear, either as directly expressed or as it may be inferred or implied from the facts and circumstances of the particular case.

3. ———: PLEADING. The cross-petition in this action *held* to contain matter which left issuable the question of merger of two unequal estates.

4. ———: EVIDENCE. The evidence did not conclusively establish a merger, but was sufficient to sustain a finding of non-merger.

5. **Mortgages:** SURETY: INDEMNITY: RIGHTS OF CREDITOR. A creditor may become entitled to the benefit of a mortgage given by the principal debtor to his surety for the payment of the debt, which mortgage provides for the discharge or payment of the debt and to indemnify the surety; and, after the creditor's right to the security attaches, the latter can not usually be released without the participation and consent of all parties interested.

6. **Estoppel.** A party is not estopped by his acts or omissions which were in no manner or degree elemental of, or inducements to, the acts of the one who seeks to invoke the estoppel.

7. **Fraudulent Conveyances:** INTENT: QUESTION OF FACT. The question of fraudulent intent, when a conveyance is assailed on the ground that it is void as against creditors of the grantor, is one of fact. See *Omaha Coal, Coke & Lime Co. v. Suess*, 54 Nebr., 379.

Oak Creek Valley Bank v. Helmer.

APPEAL from the district court of Saunders county. Heard below before SEDGWICK, J. *Affirmed.*

The opinion contains a statement of the case.

*C. S. Allen* and *Clark & Allen,* for appellant:·

A deed given to secure a debt passes the legal title to the land.  See *Gallagher v. Giddings,* 33 Nebr., 222; *Harrington v. Birdsall,* 38 Nebr., 176; *Stall v. Jones,* 47 Nebr., 706.

A higher security is a substitute for the lower, and extinguishes the latter.  See *McKnaughton v. Partridge,* 11 O. 233; *Kneeland v. Moore,* 138 Mass., 198; *Williamson v. Cline,* 20 S. E. Rep. [W. Va.], 917; *Belleville Savings Bank v. Reis,* 136 Ill., 242; *Lyman v. Gedney,* 29 N. E. Rep. [Ill.], 282; *Baker v. Baker,* 4 Dutch. [N. J.], 13; *Butts v. Dean,* 35 Am. Dec. [Mass.], 389.

As to third persons dealing upon the credit of the property, the indemnity mortgage was merged in the deed from Hovey to Helmer.  Before registration of the assignment, plaintiff had a right to presume that Helmer was owner of the indemnity mortgage.  See *Bowling v. Cook,* 39 Ia., 202; *Waters v. Waters,* 20 Ia., 363.

The deed is fraudulent and void as against plaintiff. The understanding that the deed was not to be recorded operated directly to defraud creditors.  See *Goll v. Miller,* 54 N. W. Rep. [Ia.], 445; *Blennerhassett v. Sherman,* 105 U. S., 117; *Hildeburn v. Brown,* 17 B. Mon. [Ky.], 779.

Failing to record the deed under the circumstances was negligence, which estops the American Exchange National Bank from asserting the deed as against plaintiff.  See *Scharman v. Scharman,* 38 Nebr., 39; *Anderson v. Armstead,* 69 Ill., 454; *Pierce v. Hower,* 42 N. E. Rep. [Ind.], 223; *Minnich v. Shaffer,* 34 N. E. Rep. [Ind.], 987; *Le Coil v. Armstrong-Landon-Hunt Co.,* 39 N. E. Rep. [Ind.], 922; *Iseminger v. Criswell,* 67 N. W. Rep. [Ia.], 289; *Drew v. Kimball,* 80 Am. Rep. [N. H.], 163.

16

When the effect of an intentional act is to work a fraud, as a question of evidence, the intent is conclusively proven. See *O'Connor v. Bernard*, 2 Jones [Irish], 656; *Edgell v. Hart*, 9 N. Y., 216; *Ford v. Williams*, 24 N. Y., 364; *Babcock v. Eckler*, 24 N. Y., 632; *Seward v. Jackson*, 8 Cow. [N. Y.], 406; *Reade v. Livingston*, 3 Johns. Ch. [N. Y.], 500; *Knapp v. Day*, 4 Colo. App., 21; *Cutcheon v. Buchanan*, 88 Mich., 596; *Seger v. Thomas*, 107 Mo., 635; *Sutherland v. Bradner*, 116 N. Y., 410; *Potter v. McDowell*, 31 Mo., 62; *Roberts v. Radcliff*, 35 Kan., 502; *Elser v. Graber*, 69 Tex., 225; *Hedman v. Anderson*, 6 Nebr., 400; *Sims v. Gaines*, 64 Ala., 397; *Steele v. Coon*, 27 Nebr., 586.

*Sawyer & Snell, contra:*

The indemnity mortgage was not merged in the deed to Burnham. See *Peterborough Savings Bank v. Pierce*, 54 Nebr., 712; *Wyatt-Bullard Lumber Co. v. Bourke*, 55 Nebr., 9; *Henry & Coatsworth Co. v. Fisherdick*, 37 Nebr., 209; *Lowman v. Lowman*, 118 Ill., 582.

The indemnity mortgage was not merged in the Helmer deed. See *Whipple v. Fowler*, 41 Nebr., 676; *Bridges v. Bidwell*, 20 Nebr., 185; *Eastman v. Foster*, 8 Met. [Mass.], 19; *Eggert v. Beyer*, 43 Nebr., 711; *Stark v. Olson*, 44 Nebr., 646; *Griffith v. Salleng*, 54 Nebr., 362; *South Omaha Nat. Bank v. Wright*, 45 Nebr., 23; *Richards v. Yoder*, 10 Nebr., 429; *Tompkins v. Catawba Mills*, 82 Fed. Rep., 780; *Union Nat. Bank v. Rasch*, 64 N. W. Rep. [Mich.], 339.

The Burnham deed is not fraudulent and void. See *In re Lemert*, 59 N. W. Rep. [Ia.], 209; *Cutler v. Steele*, 53 N. W. Rep. [Mich.], 522; *Haug v. Third Nat. Bank of Detroit*, 54 N. W. Rep. [Mich.], 888; *Field v. Ridgeley*, 6 N. E. Rep. [Ill.], 159; *Haas v. Sternbach*, 41 N. E. Rep. [Ill.], 54; *Grand Island Banking Co. v. Costello*, 45 Nebr., 138; *Clarke Drug Co. v. Boardman*, 50 Nebr., 687; *Breeze v. Brooks*, 31 Pac. Rep. [Cal.], 742; *Hoag v. Martin*, 45 N. W. Rep. [Ia.], 1058; *Jansen v. Lewis*, 52 Nebr., 556; *Lavigne v.*

*Tobin,* 52 Nebr., 686; *May v. Hoover,* 48 Nebr., 199; *Otis v. Sprague,* 76 N. W. Rep. [Mich.], 154; *Barkworth v. Palmer,* 76 N. W. Rep. [Mich.], 151; *Omaha Coal, Coke & Lime Co. v. Suess,* 54 Nebr., 379; *Williams v. Evans,* 6 Nebr., 216; *Hedman v. Anderson,* 6 Nebr., 392; *Lepin v. Coon,* 54 Nebr., 664.

*Mockett & Polk,* also for appellees.

HARRISON, C. J.

In this, an appeal from a decree of the district court of Saunders county, the controversy in this court is between the Oak Creek Valley Bank and the American Exchange National Bank of Lincoln, and the question is one of the priority of liens on some real estate situate in Saunders county. The liens claimed by the latter party were prior of date and evidenced by mortgages, one of which was in form an absolute deed. The lien asserted by appellant was that of a judgment, and in this action it sought, on equitable grounds, to have it declared prior to that of the appellee, but was in the trial court denied the desired relief. One of the mortgages upon which the appellee bank declared was executed and delivered originally to Louis Helmer by E. W. Hovey. The latter was indebted to the State National Bank of Lincoln and induced the former to become his surety for the payment of said indebtedness, and executed and delivered the mortgage to Helmer, covenanting therein to pay the debt or debts in full and to protect and save the surety against all and any liabilities incurred by reason of the suretyship. The findings of facts and conclusions of law were made and stated in writing by the district court, and in the former appear the disputed and undisputed facts, inclusive of the dates of the several conveyances and occurrences involved in the litigation. The findings and conclusions read as follows:

"1st. The defendant the American Exchange National

Bank is a corporation, as alleged in its answer and cross-petition herein, and on and prior to the 25th day of April, 1888, one E. W. Hovey was the owner and in possession of the lands described in the petition herein; that on the said 25th day of April, 1888, the said Hovey was indebted to the State National Bank of Lincoln, which was then a corporation duly organized and existing under the laws of the United States, in about the sum of $6,000, and the said Hovey then desiring the defendant Louis Helmer to become surety for him upon the said indebtedness to the said State National Bank of Lincoln, to induce the said Helmer to do so, and indemnify the said Helmer in so doing, executed and delivered to the said Helmer the mortgage mentioned in the said answer and cross-petition of the said American Exchange National Bank, and thereby mortgaged and conveyed to the said Helmer the aforesaid property to secure the said Helmer in becoming such surety for the said Hovey in the sum of $6,000, which property is the same property described in the plaintiff's petition herein; that the said mortgage was given and delivered to the said Helmer for the purpose of securing the said Helmer from any and all liability by virtue of the said Helmer signing as surety the said notes of the said Hovey given by him to the said State National Bank, and that the said mortgage contained the conditions and provisions, as stated in the said answer and cross-petition of the said the American Exchange National Bank, and that said mortgage was filed for record in the office of the register of deeds of Saunders county, Nebraska, on the 5th day of May, 1888, and recorded in book 4 of mortgages at page 524, as alleged in said answer and cross-petition; and that afterwards, in the month of November, 1892, the said defendant the American Exchange National Bank purchased from the State National Bank all its assets, and among others, the note of $6,100, dated May 7, 1892, and signed by the said E. W. Hovey, and the said Louis Helmer as surety, which note was se-

cured by the said mortgage to the extent of $6,000, as alleged in the said answer and cross-petition, and at the time of executing the said mortgage the said E. W. Hovey was a single man and so executed the same; that the said note given by the said Hovey as principal, and the said Louis Helmer as surety, became the property of this defendant, the American Exchange National Bank, by virtue of the purchase aforesaid, and afterwards was from time to time renewed by the parties, the said Hovey executing the same as principal and the said Helmer as surety, until on the 5th day of April, 1894, when the same was renewed by the said Helmer, which note so executed was thereafter renewed from time to time, the last renewal thereof being set forth in said answer and cross-petition, and a copy thereof is attached thereto as Exhibit A. And at the time of the execution of the said mortgage the same was delivered to the said State National Bank, and kept by the said bank until the said bank sold and assigned its assets as aforesaid to this defendant, the American Exchange National Bank, whereupon the same was, with said assets, and as a part thereof, delivered to this defendant, the American Exchange National Bank, and this defendant, the American Exchange National Bank, has ever since been, and still is, the holder of the same, and is entitled to the benefit of the same as security for said loan to the said Hovey.

"2. And the court further finds that there is due to this defendant, the American Exchange National Bank, on the said note, the sum of $6,000, and is entitled to the foreclosure of said mortgage as prayed.

"3. And the court further finds that on or about the 5th day of April, 1894, the defendants Louis Helmer and Ellen Sarah Helmer were, and still are, husband and wife, and on that date were indebted to the defendant the American Exchange National Bank in the sum of $9,100; that said indebtedness was evidenced by a note of $6,100, a copy of which, as last renewed, is attached

to the said answer and cross-petition as Exhibit A, and another note of $3,000, due in ninety days from that date; and afterwards, on the 21st day of July, 1894, the defendant the American Exchange National Bank loaned to the said Louis Helmer and Ellen Sarah Helmer the further sum of $3,000, and took their promissory note therefor, so that the said Louis Helmer and Ellen Sarah Helmer were then indebted to the American Exchange National Bank in the sum of $12,100, which indebtedness was afterwards renewed from time to time until the 5th day of July, 1895, at which time the said defendants Louis Helmer and Ellen Sarah Helmer executed and delivered to the said the American Exchange National Bank their two promissory notes, one being the said note of $6,100, a copy of which is attached to said cross-petition as Exhibit A, and the other being a note for $6,000, a copy of which is attached to the said cross-petition as Exhibit B, the said Ellen Sarah Helmer signing said notes in the name of E. S. Helmer.

"4. And the court further finds that on the said 5th day of April, 1894, the said defendants Louis Helmer and Ellen Sarah Helmer executed and delivered to Silas H. Burnham, for and on behalf of the defendant the Exchange National Bank, a deed of conveyance, and thereby conveyed to the said Silas H. Burnham, for the said defendant the American Exchange National Bank, the aforesaid real estate. At that time said Burnham was, and still is, the cashier of the defendant the American Exchange National Bank, and said deed was so executed and delivered to the said Burnham, as such cashier, for the benefit of said bank and to secure the indebtedness of the said Louis Helmer and Ellen Sarah Helmer to the said bank which existed at that time, or which thereafter might be incurred and exist.

"5. And the court further finds that said deed was on its face an absolute conveyance, but was in reality a mortgage, executed to secure said indebtedness as aforesaid.

"6. And the court further finds that the said defendant the American Exchange National Bank did not cause the said deed to be recorded, but withheld the same from record until on or about the 31st day of June, 1895, and on that day the said deed was filed for record and duly recorded in the office of the register of deeds of Saunders county, Nebraska.

"7. And the court further finds that the said Helmer, knowing that the said deed was not recorded, represented to this plaintiff, and others, that the said property was clear and free from incumbrance and so induced this plaintiff to believe that the said Helmer owned the said property in his own right, and clear of incumbrance, and procured from the said plaintiff the loans of money hereinafter found.

"8. And the court further finds that the defendant the American Exchange National Bank had no notice that the said Helmer was so using the said property, or was making such representations, and that while the said Helmer was so making the said representations he was also making representations to the said the American Exchange National Bank that he needed sums of money to use in his business to keep up the said property, and for other purposes, and the said the American Exchange National Bank, believing that the said Helmer was not incurring any other indebtedness and would not incur any other indebtedness except to the said the American Exchange National Bank, and to assist the said Helmer in his business, did make further loans of money to the said Helmer from time to time; that the said the American Exchange National Bank did not allow the said deed to remain unrecorded for the purpose of assisting the said Helmer to obtain credit, or to obtain loans of money, and the said bank acted in good faith in the matter, not knowing that any person or persons were being or might be injured thereby.

"9. And the court further finds that while the said mortgage executed by the said Hovey to the said Helmer

as aforesaid was in the hands of the said the American Exchange National Bank, the said Hovey, being unable to pay the said indebtedness to the said the American Exchange National Bank, sold the aforesaid property to the said defendant Louis Helmer, and conveyed the same, on or about the 25th day of October, 1893, and did then execute and deliver to the said Helmer a deed of said premises, he, the said Hovey, being a single man; and as part consideration thereof the said Helmer assumed and agreed to pay the said indebtedness, for which he was then surety as aforesaid, to the said the American Exchange National Bank, which indebtedness was represented by said note, a copy of which is attached to said cross-petition as Exhibit A, and was secured to the extent of $6,000 by the said mortgage on the aforesaid premises; and at that time, the said mortgage being in the hands of the said the American Exchange National Bank, it was not agreed, nor intended by the parties executing and receiving the said mortgage and deed, that the said mortgage should be merged in the said deed, but, on the other hand, it was agreed and intended that the same should be kept separate and apart therefrom, and that the said the American Exchange National Bank might and should hold the said mortgage as security as aforesaid.

"10. And the court further finds that the plaintiff herein did, on or about the 22d day of July, 1895, begin an action in the district court of Lancaster county, Nebraska, against the defendant Louis Helmer upon two promissory notes, aggregating the sum of $1,500, and in said action an order of attachment was issued by the clerk of said court, directed to the sheriff of Saunders county, which was delivered to said sheriff, and was by him duly levied on the 25th day of July, 1895, on the aforesaid property, being a part of section 22, township 13 north, of range 5 east, in Saunders county, Nebraska, and particularly described as hereinbefore set forth, and that such proceedings were had in the said cause that, on

the 25th day of November, 1895, a judgment was rendered therein in favor of the said plaintiff and against the said Louis Helmer for the sum of $1,537.50 and costs, and said property so attached was ordered to be sold and the proceeds thereof applied on said judgment, and that a transcript of said judgment was filed in the office of the clerk of the district court of Saunders county, in November, 1895, that there was paid on said judgment $468.70 on the —— day of May, 1896.

"11. And the court further finds that on or about the 20th day of May, 1894, while the defendant Louis Helmer was in possession of the said property, he applied to the plaintiff for a loan of $500, and for the purpose of obtaining said loan represented to the plaintiff that he was the owner of the aforesaid real estate, and the mill property thereon, and that it was free and clear from any incumbrances, and that the plaintiff, relying upon Helmer's said representations as true, loaned him the sum of $500 on the faith and credit that he, the said Helmer, was the owner as represented and the title clear in him of all liens. And afterwards, and before the 23d day of May, 1895, the defendant Helmer again applied to the plaintiff for two loans of $500 each at different times, and for the purpose of obtaining each of said loans represented to the plaintiff that he was the owner of said real estate and the mill property thereon, and that it was clear from incumbrance, and, relying on said representations, the plaintiff loaned said defendant Louis Helmer an additional sum of $1,000, in loans of $500 each, on the faith and credit that he, said Helmer, was the owner of said property and that it was clear from incumbrance, and that the said Helmer was in possession of said property when each of said loans was made, and that the plaintiff had no actual knowledge that the defendant the American Exchange National Bank had any lien, title, or claim of any kind against the said property until the aforesaid deed of Silas H. Burnham was filed for record and recorded on the 27th day of June, 1895, at which

time the said plaintiff had notice of the rights and interests of the defendant the American Exchange National Bank; and the officers of the said plaintiff bank had knowledge and notice at the time of making said loans that there were business relations between the said defendant Louis Helmer and the defendant the American Exchange National Bank, and knew that facts in regard to the condition of the property of the said Helmer might be obtained by inquiry from the defendant the American Exchange National Bank, but carelessly neglected to make such inquiries.

"12. And the court further finds that the said loans made by the plaintiff to the defendant were evidenced by promissory notes, and that the said notes sued upon in the action brought in the district court of Lancaster county, Nebraska, were renewals of the notes given for said loans, and the said judgment and order of sale of said attached property was procured upon the said indebtedness, and the said plaintiff, at the time of filing his transcript of his said judgment in the office of the clerk of the district court of Saunders county, Nebraska, aforesaid, to wit, in the month of November, 1895, obtained, and has ever since held, and now has, a lien upon the aforesaid real estate in the amount of its said judgment, less the amount paid thereon as heretofore found, subject only to the liens of the defendant the American Exchange National Bank as herein found.

"14. And the court further finds that the said defendant the American Exchange National Bank, by virtue of the deed executed by the said Louis Helmer and Ellen Sarah Helmer to Silas H. Burnham, in behalf of the said the American Exchange National Bank, is entitled to a first lien upon the aforesaid real estate situated in Saunders county, Nebraska, in the nature of a mortgage, in the sum of $12,100, which is the first lien upon said premises, and is entitled to have the same foreclosed as prayed.

"15. And the court further finds that the aforesaid judgment lien of the plaintiff is a second lien upon the

said premises, subject only to the said lien of the American Exchange National Bank.

"19. And the court further finds that the defendant D. G. Wing claims an interest in said real estate by virtue of a lease from the said Louis Helmer, and that the said Wing is an officer of the defendant the American Exchange National Bank, and holds said lease for the said the American Exchange National Bank, and that the said lease was given by the said defendant Louis Helmer for the purpose of enabling the said the American Exchange National Bank to apply the rents, issues, and profits of the said property upon its aforesaid claim against the said Louis Helmer, and that the rents, issues, and profits of the property accruing to the said defendant the American Exchange National Bank through the said lease to the said Wing ought to be applied upon the aforesaid claim of the said the American Exchange National Bank, and upon the sale of the property under the decree herein an accounting should be taken of such sum so received and so applied upon the said claim of the American Exchange National Bank.

JUDGE SEDGWICK'S CONCLUSIONS OF LAW.

"First. That the mortgage having been given by Hovey to Helmer to indemnify him from loss as the surety of Hovey, the American Exchange National Bank, being the holder of the indebtedness on which Helmer was surety, is entitled to the benefit of the securities given to the surety.

"Second. That the mortgage given by Hovey to Helmer upon the property was not merged in the deed from Hovey to Helmer, but was held by the said bank as a distinct and separate security for its claim.

. "Third. That the interest of the American Exchange National Bank in the said mortgage executed by Hovey to Helmer was not merged in the deed executed by the said Helmer and wife to the said the American Exchange National Bank, so as to destroy the effect of the recording

of the said mortgage, but the said mortgage was purposely retained by the said bank, because the same had been recorded and constituted constructive notice to all parties of the interest of the said bank in the said property to the extent shown by the said mortgage.

"Fourth. That the said bank was not so grossly negligent, under the circumstances, in retaining its deed from record as to estop the said bank from asserting its interest under the said deed.

"Fifth. That the officers of plaintiff bank were not justified in relying upon the representations of the defendant Helmer, as to his interests in the property in question, and not having insisted upon a lien upon said property at the time of making the loans, are not now in a position to contest the lien of the American Exchange National Bank."

It is argued for appellants that the cross-petition of the appellee bank disclosed that the title to the property mortgaged to Helmer by Hovey was subsequently conveyed by the latter to the former and then at a later date conveyed by Helmer to the appellee bank by an instrument which was in form a deed absolute, but which was in fact a mortgage; that from these matters, as pleaded, there arose a presumption that the mortgage became merged or extinguished in or by the deed, in its nature a superior conveyance, and that there was no statement in the pleadings which negatived an intention to substitute the higher for the lower conveyance, and extinguish the latter. It is the rule, as contended, that a deed given as a security passes the legal title (*Gallagher v. Giddings*, 33 Nebr., 222; *Harrington v. Birdsall*, 38 Nebr., 176; *Stall v. Jones*, 47 Nebr., 706; *First National Bank of Plattsmouth v. Tighe*, 49 Nebr., 299), but whether by the reception of a higher form of conveyance or of a superior estate a lesser then existing in the same party is merged or extinguished is not in this state a matter of presumption. If, from the apparent conditions which accompany the transactions, an intention that there shall be no merger is shown or

may be implied or inferred, the intention will prevail, and one circumstance from which an inference may be drawn is the effect a merger would have on the interests of the party who receives the conveyances. See *Henry & Coatsworth Co. v. Fisherdick*, 37 Nebr., 209; *Lowman v. Lowman*, 118 Ill., 582, 9 N. E. Rep., 245; *Matthews v. Jones*, 47 Nebr., 616; *Wyatt-Bullard Lumber Co. v. Bourke*, 55 Nebr., 9; *Peterborough Savings Bank v. Pierce*, 54 Nebr., 712. There were sufficient allegations of affirmative matters in the cross-petition to make it apparent that it was to the interest of the party pleading that no merger take place, and that no intention to extinguish one estate by the conveyance of another existed, or was elemental of the transactions involved.

It is also urged that the evidence conclusively proves that it was the intention of the appellant bank that the deed should take the place of its other securities, and be its sole security for the debt's payment. The finding of the court was to the contrary. There was evidence in support of the opposite view; but the finding was sustained by the evidence and will not be disturbed.

It is further contended in this connection that, as to third parties who gave to Helmer credit in reliance upon his ownership of the property, the merger became effective. To this it may be said that the appellant, when asked if he looked at the records to ascertain whether the property was clear, answered, "No, sir, I never did." Hence the merger or non-merger never entered into the transaction of loan between him and Helmer as an inducement and operating upon his mind therein. As a matter of fact, the mortgage from Hovey to Helmer had never been released of record. The principal creditor is entitled to the benefit of a mortgage given by the principal debtor to his surety for payment of the debt, when the mortgage provides for payment of the debt and to save the surety harmless, and the principal debtor has defaulted or become insolvent and the surety can not effectively release or discharge the mortgage, nor, if he ac-

quire title to the mortgaged property, will it work a merger or extinguishment of the mortgage. See *Eastman v. Foster*, 8 Met. [Mass.], 19; Jones, Mortgages [3d ed.], sec. 386; Brandt, Suretyship [1st ed.], sec. 282; *South Omaha Nat. Bank v. Wright*, 45 Nebr., 23; *Richards v. Yoder*, 10 Nebr., 429; *Union Nat. Bank v. Rasch*, 64 N. W. Rep. [Mich.], 339; *D. A. Tompkins Co. v. Catawba Mills*, 82 Fed. Rep., 780. The matter of litigation herein was in all respects within the doctrine just stated.

It is also argued that the deed was fraudulent and void as to the plaintiff, it being a creditor of the grantor. One ground of this argument is that there was an agreement between the appellee bank and Helmer that the deed be withheld from the record—that it was purposely so withheld. The finding of the trial court sustained by the evidence is not stated specifically, but was to the opposite effect of this contention and must prevail. Another branch of this argument is that, under the circumstances, the omission to record the deed was such negligence as estopped the appellee bank from asserting rights against the appellant under the deed. The direct effect of the failure to record an instrument of conveyance of the nature of the one here is set forth in section 16, chapter 73, Compiled Statutes, as follows: "All deeds, mortgages, and other instruments of writing which are required to be recorded shall take effect and be in force from and after the time of delivering the same to the register of deeds for record, and not before, as to all creditors and subsequent purchasers in good faith without notice; and all such deeds, mortgages, and other instruments shall be adjudged void as to all such creditors and subsequent purchasers without notice whose deeds, mortgages, and other instruments shall be first recorded; *Provided*, That such deeds, mortgages, or instruments shall be valid between the parties." It is of the arguments of the appellee on this point that a real estate conveyance may be withheld from record at the will and pleasure of the grantee, and, in the absence of the element

of fraud, his failure to record will extend no further than to postpone his rights under the conveyance to the extent indicated in the section quoted, to subject them to levy or conveyance of a prior mortgage of record; but, as we understand the argument of the appellant, it is to the effect that whatever may be the legal rights of the parties, there is a principle of equitable estoppel which, under the circumstances, became operative against the appellee, and which rests upon the proposition that when one of two persons, each guiltless of an intentional wrong, must suffer loss, it must be borne by the one who, by acts or omissions, has rendered the injury possible; but this can not be successfully invoked by the appellant, for the reason that there was no act or omission of the appellee shown to have in any manner contributed to the loan by the appellant to Helmer. The appellant relied solely upon the statements and representations of Helmer. He never examined the records, and that the deed had not been recorded had no influence upon him. That fact did not in the least aid or assist Helmer to obtain the loan of appellant, and can not be said to have, in any degree. or to any extent,' rendered the injury to appellant possible. . He loaned to Helmer, without regard to the question of the actual condition of the title to the property. Counsel for appellant, in their argument on this subject, ask the following question: "Can the Exchange Bank assert this deed against innocent parties who were induced to give Helmer credit upon the title the defendant bank permitted the records to show in him?" However the answer might have been, the appellant is not in any position to demand an answer, as he to no extent depended upon any matters of record, but relied wholly upon the statements of Helmer.

It is further argued that the deed was conclusively fraudulent, or fraudulent *per se*, for the reason that it conveyed the legal title, which was afterward coupled with possession; that it left Helmer with but an equitable title and without possession, and not subject to

levy, and constituted a hindrance to creditors, inclusive of appellant, in the collection of their debts; that this was an unavoidable necessary effect of the deed, and the parties must be presumed to have intended the necessary consequence of the act. In this state the question of fraudulent intent is always one of fact. See Compiled Statutes, ch. 32, sec. 20; *Omaha Coal, Coke & Lime Co. v. Suess*, 54 Nebr., 379. It must be borne in mind that the appellant was a subsequent creditor, and not an existing creditor, at the time of the conveyance, the subject of attack. Whatever inference might be reasonably or necessarily drawn from the conditions which had their origin in the transaction of transfer of the property, it was but one of the matters which tended to prove the alleged fraud. It did not conclusively establish it. That it might operate to hinder other creditors in the collection of their debts did not conclusively stamp the transfer as fraudulent and void. See *Clarke Drug Co. v. Boardman*, 50 Nebr., 687. On the question of fraudulent intent being one of fact, see, also, *Williams v. Evans*, 6 Nebr., 216; *Hedman v. Anderson*, 6 Nebr., 392; *Lepin v. Coon*, 54 Nebr., 664.

The trial court determined that the element of fraud or the intent to hinder, delay or defraud creditors, was not shown to have entered into the transaction of transfer, and its finding in this regard was sustained by the evidence; hence will not be reversed. The judgment of the district court must be

AFFIRMED.