BANKERS' RESERVE LIFE ASSOCIATION v. LANTIE J. FINN.

FILED MARCH 5, 1902. No. 11,257.

Commissioner's opinion, Department No. 1.

1. Tendering Answer After Demurrer: WAIVER. Tendering answer, and asking leave to file same, after the overruling of a demurrer to a petition, is a waiver of mere formal defects in the petition and of any irregularity in the time or manner of acting on the demurrer.

2. Refusal of Leave to File. Not error to refuse leave to file an answer setting up that the action was prematurely brought where the facts alleged were insufficient to sustain such plea.

3. Life Insurance Policy: PROOF OF DEATH. Under a life insurance policy providing for payment in ninety days after satisfactory proof of death, an objection to such proofs, which in no way impeaches the sufficiency of the showing of the death of

assured, but complains as to the condition of his health, when first insured, shows no ground for delaying action more than ninety days after such proof was submitted.

4. **Default: Issue of Law: Costs.** Under section 432 of the Code of Civil Procedure, the court, on the determination of an issue of law, or when a party is in default, may, at the request of the party not in default, assess damages on proof without the intervention of a jury.

ERROR from the district court for Douglas county. Tried below before SCOTT, J. *Affirmed.*

*Timothy J. Mahoney* and *J. A. C. Kennedy*, for plaintiff in error.

*Weaver & Giller*, contra.

HASTINGS, C.

Plaintiff in error and defendant below in this case complains "that the entire course pursued by the district court in this case was one of arbitrary abuse of authority, by which the plaintiff in error was unlawfully deprived of every and any opportunity to be heard upon the merits of the case." It certainly seems that the defendant was not permitted to be heard upon the merits of his case. It remains to be ascertained whether there were any merits to be examined. This is an action upon a policy of life insurance, and to plaintiff's petition below a motion was interposed to require the plaintiff to make her petition more certain by setting out the date of the delivery of the policy and the insured's condition of health at that time. This policy contained the following clause: "This policy takes effect and becomes binding upon the association only upon the actual delivery thereof to the applicant while in life and in good health, and the payment in cash to the association of the first annual premium or installment thereof while in good health." The petition alleges that July 1, 1897, the deceased "took out a policy of life insurance in the defendant association." As the policy expressly provided that it should have no effect until delivery, this was

an allegation of delivery to the deceased on that date. Granting that the provision in question was a condition precedent, there was no occasion shown for requiring any more specific plea of its performance than was contained in the petition, which alleged: "All of the conditions of said policy to be performed and fulfilled by said Harold H. Finn or plaintiff have been duly performed and complied with." This allegation was certainly a compliance with section 128 of the Code of Civil Procedure, and there seems to have been no error on the part of the court in overruling the motion. The motion had been filed by T. W. Blackburn as defendant's attorney. He took an exception to its overruling and then withdrew his appearance as attorney for the defendant. This was on March 28. On March 30, a general demurrer was filed on behalf of defendant, signed, "B. H. Robison, Pres." Defendant employed no attorney until April 29 when Mr. Robison states that he employed T. J. Mahoney, and was informed by Mr. Mahoney that the latter was engaged in the Kerr murder trial, and would be unable to give the matter any attention for probably two weeks. On May 3, a notice was served upon President Robison, there being no attorney of record, that the demurrer would be called up by plaintiff on Saturday, May 6, at 9:30, or as soon thereafter as counsel could be heard. At that time the clerk of T. J. Mahoney appeared and gave notice to the court that Mr. Mahoney had been employed and desired to appear, and it seems that nothing further was done on that day. On Wednesday, May 10, the demurrer was called up and overruled by the court, and the finding entered that it was filed for delay only, and the sum of $10 for the benefit of plaintiff was taxed, as costs, against the defendant. Counsel admits that in tendering an answer, and asking leave to file it, he has waived any merely technical error in the petition or in the time and manner of overruling the demurrer. But it is insisted that his demurrer was good, and that the petition presented no cause of action. The basis of the claim is the failure on the part of plaintiff to plead speci-

fically the fulfillment of the condition as to good health
at the time of the delivery of the policy.  It is urged that
section 128 of the Code of Civil Procedure, cited above,
does not apply, for the reason that this is a condition pre-
cedent, not in the contract, but to be performed prior to
its taking effect.  As this condition is created by express
stipulation in the contract, and would have no existence if
it were not in the contract, and a part of it, we are not able
to draw this distinction.  As above indicated, the allega-
tion that all conditions had been "performed and fulfilled"
and "complied with" seems sufficient under the statute.
No entry of leave to plead was made, and there would be
no right to plead without leave so long as such finding re-
mained unreversed upon the records.  However, on May 17,
1899, the defendant filed an answer, and on June 1
plaintiff filed a motion to strike it out, because filed
without leave of court, and without authority of law.
This motion was sustained and defendant excepted.  On
June 3, defendant filed a motion for leave to refile the an-
swer, supported by affidavits showing the foregoing state of
facts.  On June 12, defendant's motion for leave to answer
was overruled, and defendant excepted.  The court then
proceeded, over defendant's objection, to take the proofs
and rendered judgment in favor of plaintiff for $2,112.71
and costs.  On June 14, a motion was filed to vacate this
judgment, because of error in refusing to strike from plain-
tiff's petition; because of error in overruling the motion
to cause plaintiff to make her petition more specific; error
in sustaining the motion to strike defendant's answer;
error in calling up for disposition and overruling defend-
ant's demurrer to plaintiff's petition; irregularity in the
proceedings of the court; abuse of discretion in striking
out defendant's answer; error in overruling the motion for
leave to refile; irregularities in the hearing of the cause
on June 12, and the entry of default on that date without
notice to defendant, and in the absence of defendant's at-
torney after the court had been informed in open court
that the attorney was employed in a trial in another court.

This motion was overruled, and the same grounds of error are alleged in this court.

In tendering an answer and asking leave to file it on June 3, the defendant must be held to have waived errors of form and procedure occurring prior to that time. The real question presented here is whether there was an abuse of discretion in refusing to allow defendant to file the answer presented. The only issue tendered by the answer was that the action on part of plaintiff was prematurely brought. The policy provides that the association shall within ninety days after receipt of evidence satisfactory to it of the death of the insured, pay to the beneficiary said sum insured, after deducting the balance of the current year's premiums, if any, and any indebtedness of the insured or beneficiary to the association. This is the only provision as to any delay. It is true that there are further provisions that it shall be the duty of the beneficiary to notify the association of the death, in writing, and furnish as soon as possible, on the blanks provided by the association, such proofs and affidavits as the executive committee may require in order to satisfactorily establish the facts as to the life and death of the insured and the legality of the claim against the association; and all matter so furnished to the association may at its option be used by it as evidence of the facts therein stated. This provision, however, seems to be in no way connected with the ninety-day clause by its terms, nor does it seem that it should be by its meaning. No complaint is made of any lack of proof of the death of the insured. The fact of such death is not denied, and is impliedly admitted in the answer. The ninety days were apparently provided for the purpose of enabling the defendant to procure these other additional proofs and showing, which it is made the duty of the beneficiary to furnish. The answer shows that after receiving plaintiff's proofs on July 13, they were retained without objection until October 13, ninety-two days, and then returned, with a requirement of affidavits from other physicians who had attended the deceased during the last year

of his life. It seems neither necessary nor proper to hold that after they are all furnished and complete, and the whole ninety days, after a sufficient proof of death had been furnished, have been employed in the getting of them, then a further truce of another ninety days should be required before any legal proceedings could be taken. It seems clear that no defense to this action was tendered in the answer, and that no prejudicial error appears in the refusal to permit it to be filed.

It remains, then, only to consider whether or not there was any prejudicial error in taking proofs and entering judgment when the motion for leave to file was overruled, or any abuse of discretion in so doing. Section 432 of the Code provides:

"If the taking of an account, or the proof of a fact, or the assessment of damages, be necessary to enable the court to pronounce judgment upon a failure to answer, or after a decision of an issue of law, the court may, with the assent of the party not in default, take the account, hear the proof, or assess the damages; or may, with the like assent, refer the same to a referee, master, or commissioner, or may direct the same to be ascertained or assessed by a jury," etc.

In this case, an issue of law had certainly been made and decided, and, on the overruling of the application to answer, the defendant was in default, and it was competent for the court to proceed to take the proofs and assess the damages. The complaint that the proceeding was without notice to the defendant is clearly without merit, as it was taken on the occasion of passing on defendant's own motion for leave to file, and in his presence. If, as we conclude, there was no error in refusing permission to file this answer, it seems equally clear that there was no error in proceeding, at the request of the plaintiff, and on plaintiff's waiving a jury, to assess the damages. The proof tendered was sufficient to warrant the action of the court, and it is recommended that the judgment be affirmed.

DAY, C., concurs. KIRKPATRICK, C., not sitting.

By the Court: For the reasons stated in the foregoing opinion the judgment of the district court is

AFFIRMED.