PAPILLION TIMES PRINTING COMPANY, APPELLEE, V. SARPY COUNTY, APPELLANT.*

FILED NOVEMBER 19, 1909.   No. 15,832.

Pleading: DEMURRER: WAIVER OF ERROR. Where, after a demurrer to an answer has been sustained, the defendant takes leave to file, and does file, an amended answer, the ruling upon the former cannot be reviewed in this court, the filing of the amended answer being a waiver of the exception.

APPEAL from the district court for Sarpy county: LEE S. ESTELLE, JUDGE. *Affirmed.*

*Ernest R. Ringo,* for appellant.

*Carl E. Herring, contra.*

REESE, C. J.

An action for the foreclosure of tax liens was instituted in the district court under the provisions of what is known as the "Scavenger Law." The county board having failed to name a paper in which the notice should be published, the treasurer designated the Papillion Times, a newspaper published by plaintiff. The notice was published and plaintiff presented its account to the county board of allowance. The claim was allowed in part only, and from the action of the board plaintiff appealed to the district court where the full claim for four publications at the statutory rate was allowed. The county appeals.

It appears from the record that there was some error

* Rehearing denied.   See opinion, 86 Neb. ——.

in the first "copy" furnished plaintiff, and before said error was discovered the erroneous notice had been published one time. The corrected copy was then furnished and printed four times as required by law. The notice in each case occupied 557 squares. Plaintiff's demand was based on the whole five insertions, but the district court only allowed for the four, to wit, the printing of the corrected notice. As there is no cross-appeal, this need not be further noticed.

After the cause was removed to the district court, plaintiff filed its petition, alleging the corporate capacity of both plaintiff and defendant, the selection of plaintiff's paper for the publication of the notice, its publication, the presentation of the account to the county board, the board's action thereon in allowing less than was claimed to be due, and the appeal. The defendant answered, admitting the corporate capacity of the parties, the publication of the notice under the designation of the county treasurer, and denied all other averments. The fifth paragraph of the answer was as follows: "Affirmatively answering said petition defendant alleges at the time of said publication and at all times complained of in said petition various county officers of the defendant county, to wit, George P. Miller, county superintendent of public schools, P. D. McCormick, county clerk, Edward C. McEvoy, county sheriff, I. H. McDaniel, clerk of the district court, and others were stockholders in the plaintiff corporation, and as such were pecuniarily interested in the publication of said notice." The plaintiff demurred to this paragraph upon the ground that the facts stated therein did not constitute a defense. The demurrer was sustained. Defendant excepted to the ruling of the court and was given leave to file an amended answer by a date named. An amended answer was subsequently filed, which was practically the same as the original, with the exception of the fifth paragraph which was wholly omitted and another averment substituted as the fifth, as follows: "Further and affirmatively answering said petition, this

defendant alleges that said plaintiff is not the real party in interest in said action, and in that particular alleges that at the time of the publication of the notice aforesaid there were only three newspapers published in whole or in part of Sarpy county which were legally qualified to publish said notice; that those newspapers were called and known as 'The Springfield Monitor,' published at Springfield, Nebraska, 'The Gretna Breeze,' published at Gretna, Nebraska, and 'The Papillion Times,' published by plaintiff; that in order to prevent competition against each other in bidding for the publication of said notice the publishers of said newspapers unlawfully, corruptly and fraudulently entered into an agreement that the publishers of said 'Springfield Monitor' and 'Gretna Breeze' should not compete with plaintiff in the bidding for the publication of said notice, and that thereby said plaintiff would secure the publication of said notice at the maximum amount allowed by law for the publication of such notices, and in consideration therefor said plaintiff agreed to give to the publishers of the last mentioned papers one-third of the amount derived from said publication; that whatever judgment, if any, said plaintiff recovers herein will all, except one-third thereof, be for the benefit of said publishers of said 'Springfield Monitor' and said 'Gretna Breeze' or his or their assignees." This fifth paragraph was also demurred to by plaintiff upon the ground that the facts stated did not constitute a defense, and that the facts pleaded did not constitute "a subject matter for a conspiracy or an unlawful, corrupt or fradulent agreement to prevent competition," and that "the compensation to be paid for the admitted services is fixed by law and is not a subject matter for competitive bidding." This demurrer was also sustained, and to which defendant excepted and took thirty days "in which to file a second amended answer." Within the limited time defendant filed its second amended answer, which was like the two former ones, with the exception that it ended with the fourth paragraph, the fifth being entirely omitted.

The finding and judgment being in favor of plaintiff, defendant filed its motion for a new trial, containing a number of grounds, but, as only two are contended for in this court, all reference to the others will be omitted. The two grounds referred to call in question the action of the court in sustaining the demurrers to the fifth clause in each of the two answers mentioned.

An important question presented at the threshold of this case is as to whether the right to a review of the rulings of the court was not waived by the filing of the amended answers? If such is the case, we cannot legally decide as to the merits of the paragraphs referred to. In Maxwell, Code Pleading, p., 380, it is said: "When a demurrer is sustained, and the pleader desires to amend, it has been held that he thereby waives his exception to the ruling of the court." In *Pottinger v. Garrison*, 3 Neb. 221, we said: "The rule of law seems to be well settled that, in order to obtain a review of the decision of the district court, in sustaining or overruling a demurrer, in an appellate court, the party must suffer a judgment in chief to be rendered on the demurrer; and that, if he answers over and goes to trial upon the merits, he waives his demurrer to the pleading demurred to, and error cannot be assigned upon the judgment of the district court sustaining or overruling the demurrer." This is doubtless the well-settled law of this country. *Brown v. Brown*, 71 Neb. 200; *Worrall Grain Co. v. Johnson*, 83 Neb. 349; *Citizens State Bank v. Pence*, 59 Neb. 579; *Bankers Reserve Life Ass'n v. Finn*, 64 Neb. 105; *Palmer v. Caywood*, 64 Neb. 372; *First Nat. Bank v. Farmers & Merchants Bank*, 2 Neb. (Unof.) 104; *Hurd v. Smith*, 5 Colo. 233; *Heman v. Glann*, 129 Mo. 325; *MacLachlan v. Pease*, 171 Ill. 527; *People v. Core*, 85 Ill. 248; *Bremen Mining & Milling Co. v. Bremen*, 13 N. M. 111, 79 Pac. 806; *Perkins v. Davis*, 2 Mont. 474; *Shamokin Bank v. Street*, 16 Ohio St. 1; *St. John v. Hardwick*, 17 Ind. 180; *Kennedy v. Anderson*, 98 Ind. 151; *Marshall v. Vicksburg*, 15 Wall. (U. S. 146; *United States v. Boyd*, 5 How. (U. S.) 29; *Rosa v.

*Missouri, K. & T. R. Co.*, 18 Kan. 124; *Walker v. Wills*, 5 Pike (Ark.) 166; *Ganceart v. Henry*, 98 Cal. 281; 1 Bates, Pleading, Practice, Parties and Forms, p. 423. Had counsel desired to save his exceptions to the rulings of the court in sustaining the demurrers, he should have presented both of his alleged defenses in one answer, and, if either were successfully demurred to, taken his exceptions and gone to trial on the remaining portion of his answer. By this means the questions would have been in condition for presentation to this court.

No reversible question being presented by the record, it follows that the judgment of the district court must be affirmed, which is done.

AFFIRMED.