MICHAEL WHELAN, APPELLEE, v. CITY OF PLATTSMOUTH, APPELLANT.

FILED NOVEMBER 16, 1910. No. 16,171.

1. **Pleading:** STRIKING OUT DEFENSE: WAIVER OF EXCEPTION. An exception to an order striking from an answer matter pleaded as an estoppel is waived, where defendant by leave of court repleads and goes to trial on an amended answer which omits all

reference to such matter and contains no statement indicating a purpose on part of defendant to save the exception.

2. Appeal: TRANSCRIPT: PRESUMPTIONS. Where appellant files in the supreme court a transcript omitting the record of the facts by which the district court acquired jurisdiction, and no diminution of the record is suggested, it will be presumed that court properly acquired jurisdiction.

3. Pleading: MUNICIPAL CORPORATIONS: DISALLOWANCE OF CLAIM: APPEAL. Where a city council disallows a claim for damages, and claimant, pursuant to the city charter, appeals to the district court and files therein a transcript showing that the claim was presented to the city and disallowed, it is unnecessary to state that fact in the petition in the appellate court.

4. Trial: VIEW OF PREMISES BY JURY. The refusal of the trial court to permit the jury to view the premises involved in the litigation is not reversible error in absence of an abuse of discretion.

5. Appeal: HARMLESS ERROR. A judgment will not be reversed for harmless error in an instruction.

APPEAL from the district court for Cass county: HARVEY D. TRAVIS, JUDGE. *Affirmed.*

*Basil S. Ramsey* and *W. C. Ramsey,* for appellant.

*D. O. Dwyer, contra.*

ROSE, J.

Defendant lowered the surface of the street in front of two lots owned by plaintiff, and this is a suit to recover resulting damages. The liability of defendant and the extent of plaintiff's injury were issues properly raised by the pleadings. From a judgment on the verdict of a jury in favor of plaintiff for $150, defendant has appealed.

1. On motion of plaintiff the trial court struck from defendant's answer matter containing allegations to the effect that plaintiff advised, consented to and accepted the grading in front of his lots and was thereby estopped from claiming damages. There was an exception to this ruling which is now challenged as erroneous. In respect

to the question thus raised, however, it is sufficient to
say that defendant's exception was waived in the follow-
ing manner: After the motion had been sustained, de-
fendant, by leave of court, filed a new or amended answer,
omitting all reference to the principal facts which had
formerly been pleaded as an estoppel, and went to trial
on the amended pleading, which contained no statement
indicating a purpose on part of the pleader to save the
exception to the ruling on plaintiff's motion. The excep-
tion was therefore waived. *Papillion Times Printing Co.
v. Sarpy County,* 85 Neb. 397.

2. At the opening of the trial defendant objected to the
introduction of any evidence because plaintiff failed to
state in his petition that he had filed with the city clerk
his claim for damages and that it had been rejected by
the city council. The overruling of this objection is the
basis of another assignment of error. In the argument
on this point defendant cites *City of Hastings v. Fox-
worthy,* 45 Neb. 676. Under the act in force when that
case was instituted, a claimant was required to file a
statement of his claim with the city clerk as a condition
precedent to his right to maintain in the district court an
original action for damages. The law has since been
changed. When the claim of plaintiff in the present case
arose, the Plattsmouth charter required him to file it with
the city clerk and, in the event of its disallowance, to
appeal from the city council to the district court. Comp.
St. 1909, ch. 13, art. III, sec. 38. Under the former
charter the district court acquired jurisdiction in an
original action. Now jurisdiction is conferred by appeal
from the action of the city council. The record of the
proceedings of the district court was filed in this court
by defendant. The transcript here does not disclose the
jurisdictional facts. In this condition of the record sub-
mitted by defendant for review, it will be presumed that
the case was appealed to the district court in the manner
provided by the city charter, and that consequently
there was filed therein a transcript showing that plain-

tiff presented his claim to the city clerk and that it was rejected by the city council. Comp. St. 1909, ch. 13, art. III, sec. 38. It was therefore unnecessary for plaintiff to allege those facts in his petition in the district court.

3. Complaint is also made because the trial court refused to permit the jury to view the premises alleged to have been damaged. The contention is not well founded. By means of photographs the parties acquainted the jury with the general appearance of the premises both before and after the street had been graded. The depth of the cut and the effect of the grading were shown by oral proofs. The record contains nothing to indicate that the trial court abused its discretion in refusing the request. It follows that in this respect error is not affirmatively shown. *Beck v. Staats,* 80 Neb. 482; *Reams v. Clopine, ante,* p. 673.

4. An instruction on the subject of special benefits shared by plaintiff in common with other lot owners is criticised as erroneous. While the particular instruction in question cannot be approved as a correct statement of the law, the record contains no evidence to make it prejudicial to defendant, when consideration is given to other parts of the charge in which the jury were directed to find for defendant, if the special benefits to plaintiff's lots, by reason of the grading, equaled or exceeded the damages thereto, and that the measure of such damages, if any, was the difference between the market value of the real estate immediately before and after the grading. An examination of all the evidence in connection with the entire charge leads to the conclusion that the error was not prejudicial.

5. A number of rulings, excluding testimony, are also assailed; but they have all been examined without finding a reversible error.

The evidence is sufficient to sustain the verdict, and the judgment is

AFFIRMED.

ROOT, J.

I concur in the judgment of affirmance, but do not approve applying to the instant case the principle announced in *Papillion Times Printing Co. v. Sarpy County,* 85 Neb. 397. The plaintiff does not invoke that principle, but argues that the district court was right in sustaining his motion to strike certain allegations from the defendant's answer. Clearly there was no error in that ruling. In effect the defendant pleaded as an estoppel that, while it was grading the street in front of the plaintiff's property, he consented thereto and requested the city's "officers, servants and employees to properly grade that part of said First street strictly in front of and adjacent to his said lots," and thereafter the plaintiff "accepted said grading for the purposes for which he requested and advised the same to be done." The defendant does not allege or contend that it would not have graded the street but for the plaintiff's conduct or that it was in any manner influenced thereby. The defendant had the right to enter upon and grade the street whether the plaintiff consented or objected thereto, and his acceptance or failure to accept the street thereafter would neither enlarge nor curtail the defendant's control over the highway.

It is elementary that a party is not estopped by acts or omissions which in no manner induced the conduct of him who invokes the principle of estoppel. *Oak Creek Valley Bank v. Helmer,* 59 Neb. 176.

The Michigan cases cited by the defendant to sustain its argument upon this point were examined and rejected in *City of Beatrice v. Leary,* 45 Neb. 149. Section 21 of the Bill of Rights, which provides that private property shall not be taken or damaged for public use without just compensation therefor, protects the plaintiff, and his request that the defendant grade in a workmanlike manner the street it was improving upon its own initiative does not estop him from recovering his damages. *Hickman v. City of Kansas City,* 120 Mo. 110, 41 Am. St. Rep. 684.

I believe that the principle announced in the *Papillion Times Printing* case, *supra,* is unsound, and I am opposed to its application where the necessity does not exist.

LETTON and SEDGWICK, JJ., concur in these views.